# EXHIBIT 1



**State of Louisiana**
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE
70804-9005

Jeff Landry
Attorney General

February 26, 2019

The Honorable Andrew Wheeler
Acting Administrator
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460
Wheeler.andrew@Epa.gov

Dear Acting Administrator Wheeler:

  States are on the front line of protecting the environment, public health, and the welfare of citizens within our respective borders. The cooperative federalism principles that are central to many of our nation's environmental statutes recognize the critical role states play and, when implemented appropriately, encourage partnership between states and the federal government.

  Unfortunately, the cooperative federalism principles of the Clean Water Act are sometimes coopted to advance the political agendas of certain state actors. In particular, Section 401 of the Clean Water Act has been manipulated to block infrastructure projects that are in the public interest of other states and the nation generally. This tactic has been implemented to delay or to block vital oil and gas pipeline projects, coal projects, LNG terminal projects, and other fossil energy projects. The actions of individual state actors are disruptions to interstate commerce and negate the intent of providing the consistent and reliable permitting process envisioned by the Clean Water Act.

  For example, in 2017, the State of New York unilaterally blocked the approximately $500 million interstate pipeline Northern Access Project when it denied a Water Quality Certificate for the project, notwithstanding the Pennsylvania Department of Environmental Conservation's prior issuance of a Water Quality Certificate and the FERC's prior approval of the project. Similarly, in 2017, the Washington Department of Ecology opaquely denied "with prejudice" a Water Quality Certificate for another project, the Millennium Bulk Terminal, just three business days after receiving 240 pages of additional information it requested. Without these Water Quality Certificates, these projects cannot go forward regardless of their importance to the nation. Individual state actors should not be allowed to unilaterally and negatively impact the economies of multiple other states and the nation as a whole under the guise of implementing federal law.

  While the cooperative federalism principles of Section 401 may can be maintained through clarification of the process by which federal and state regulatory authorities are expected to implement the law, this clarification should recognize and preserve the states' primary

responsibility over and rights concerning water quality. Congress intended Section 401 as an opportunity for states to evaluate water quality impacts from federally-permitted projects. Instruction from EPA on the respective roles of state and federal authority within the bounds intended by the statute is needed to ensure that Section 401 is used for its intended purpose to protect water quality, to minimize its potential for misuse, and to provide predictability in permitting energy infrastructure.

As Attorneys General, we support an effort by EPA to maintain cooperative federalism and the rule of law to the Section 401 process.

Sincerely,

Jeff Landry
Louisiana Attorney General

Alan Wilson
South Carolina Attorney General

Steve Marshall
Alabama Attorney General

Ken Paxton
Texas Attorney General

Tim Fox
Montana Attorney General

Patrick Morrisey
West Virginia Attorney General

Doug Peterson
Nebraska Attorney General