# EXHIBIT 2



**State of Louisiana**

DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE
70804-9005

Jeff Landry
Attorney General

May 24, 2019

The Honorable Andrew Wheeler
Administrator
Environmental Protection Agency
1200 Pennsylvania Avenue
Mail Code 1101A
Washington, D.C. 20460

RE:     Pre-proposal recommendation letter
        Docket ID: EPA-HQ-OW-2018-0855

Dear Administrator Wheeler:

We write today to support the EPA's rule-making effort in response to the President's Executive Order on Energy Infrastructure and Economic Growth. As states hold the primary responsibility of evaluating and maintaining healthy water quality within our borders, we understand the need for an effective, workable system that enhances cooperative federalism. But without proper checks on centralized programs like the Clean Water Act, the incentive for misuse exists. Section 401 of the Clean Water Act has been manipulated to block infrastructure projects that are in the public interest of individual states and the nation as a whole. Using WQC approvals as a delay tactic to block vital energy infrastructure projects in abuse of the power committed to the States and inconsistent with our shared obligations under the program. These disruptions burden interstate commerce and negate the CWA's intent of providing the consistent and reliable permitting process.

It is encouraging that the President and EPA's calls for action echo the concerns raised in the February 26th letter from a group of Attorneys General. With the stated goals of promoting efficient permitting processes, reducing regulatory uncertainties, and promoting timely Federal-State cooperation, the Executive Order prompting this review provides a clear indication of the problems to be addressed and the solutions employed.[1]

Many of these problems are evidenced in the February 26th letter, which spoke to specific actions obstructing energy infrastructure projects. These actions divert state and federal resources from other important priorities. For example, since that letter was issued, a federal district court

---

[1] Exec. Order 13868, *Promoting Energy Infrastructure and Economic Growth* (April, 10 2019).

Page 2
May 24, 2019

stayed the aggrieved applicant's challenge to Washington State's WQC denial until state proceedings conclude.[2] The applicant appealed to the U.S. Ninth Circuit Court of Appeals in the interim.[3] New York denied a WQC for the $500 million Northern Access Pipeline Project, but that action was subsequently vacated by the Second Circuit.[4] However, the Federal Energy Regulatory Commission (FERC) may have subsequently mooted the case by ruling the State failed to act on the WQC request within the statutory one-year timeframe.[5] The net effect of these orders is unclear at this time. Additionally, New York just denied yet another WQC[6] for the $927 million Northeast Supply Enhancement (NESE) project, would supply improved natural gas to a market that currently faces new gas connection moratoria due to supply shortages.[7] And while applicants for both this project and the $7.5 billion Jordan Cove project Oregon recently denied [8]can resubmit their applications, these resubmissions represent unnecessary regulatory delays that could also be mitigated by improved regulatory clarity.

A few areas are particularly ripe for EPA guidance. First, EPA should update guidance to emphasize the appropriate review standard of "reasonable assurance" to deter states from setting prohibitively higher, standards.[9] EPA should also undertake a substantive review of the CWA's implementing regulations, as many of these have not been updated in nearly four decades.[10] Another area of concern is the tolling provision applied to a presumed waiver of state certification, under which states waive certification if they fail to act on a certification request within one year of receipt.[11] Both the Northern Access and Jordan Cove denials mentioned above were in some way influenced by recent federal interpretation of this provision. Federal appellate courts and the FERC have ruled that this provision has a bright line trigger upon receipt of the application as opposed to the agency's subjective determination of when a "complete" application is submitted.[12] In accordance with the President's Executive Order to restore consistency to the 401 process, EPA should update its guidance to reflect this interpretive clarification.[13]

---

[2] *Lighthouse Resources Inc, et al. v. Jay Inslee, et al.*, 3:18-cv-05005 (W.D. Wash) (order granting motion to stay).

[3] *Id*. (notice of appeal).

[4] *Nat'l Fuel Gas Supply Corp. v. N.Y. State Dep't of Envtl. Conservation*, 17-1164-cv (2d. Cir. 3/29/19) ("[T]he Denial Letter here insufficiently explains any rational connection between facts found and choices made." *See also* n.2 "…the agency appears to have considered a separate application in formulating its decision, or possibly used a boilerplate denial but failed to delete portions that do not relate to the instant application.").

[5] *Federal Energy Guidelines*, *FERC Reports*, 167 FERC ¶ 61,007 (April 2, 2019).

[6] Press Release, N. Y. State Dep't of Env't Conservation, *DEC Statement on Water Quality Certification for Proposed Northeast Supply Enhancement Pipeline Project* (May 15, 2019)

[7] George Lobsenz, *Despite Asserted Gas Shortages in State, New York Blocks New Pipe*, The Energy Daily (May 17, 2019).

[8] Or. Dep't of Env't Quality, Press Release, *DEQ Issues a Decision on Jordan Cove's Application for 401 Water Quality Certificate* (May 06, 2019).

[9] 33 U.S.C. 1341 (a)(3), (4)

[10] Deidre Duncan and Clare Ellis, *Clean Water Act Section 401: Balancing States' Rights and the Nation's Need for Energy Infrastructure*, 25 Hastings Environmental L.J. 235, at 258 (2019).

[11] 33 U.S.C. 1341.

[12] *Constitution Pipeline Co. v. New York State Department of Environmental Conservation*, 868 F.3d 87 (2d Cir. 2017); *New York Dept. of Env't Conserv. v. FERC*, 884 F. 3d 450; *Federal Energy Guidelines*, *see* n 6; *see also Hoopa Valley Tribe v. FERC*, 913 F.3d 1099 (agreement between certifying agency and applicant to withdraw and refile the application constituted impermissible end-run around Congressionally imposed statutory limit.).

[13] *See* U.S. Env't Prot. Agency, *Clean Water Act Section 401 Water Quality Certification: A Water Quality Protection Tool For States and Tribes*, Section 201 Interim Guidance (April 2010).

Page 3
May 24, 2019

Without further clarification, WQC abuse will continue delaying projects of great national importance. Individual state actors should be disallowed from unilaterally imposing extra-statutory requirements on applicants to the detriment of other states and the nation as a whole under the guise of implementing federal law. To be clear, any clarification should recognize and preserve the states' primary responsibility over and rights concerning water quality.  However, Congress intended Section 401 as an opportunity for states to evaluate water quality impacts from federally-permitted projects, not an opportunity to unilaterally veto those projects.

I support the EPA in its work to streamline and unburden this important program.

Sincerely,

Jeff Landry
Attorney General

Alan Wilson
South Carolina Attorney General

Steve Marshall
Alabama Attorney General

Ken Paxton
Texas Attorney General

Tim Fox
Montana Attorney General

Patrick Morrisey
West Virginia Attorney General

Doug Peterson
Nebraska Attorney General