# EXHIBIT 4



October 21, 2019

United States Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

Dear Administrator Wheeler,

Thank you for the opportunity to provide pre-proposal recommendations for updates to the United States Environmental Protection Agency's (EPA) proposed final guidance pertaining to Section 401 certification under the Clean Water Act (CWA). As the EPA has stated in its proposal, "Over the last several years litigation over the section 401 certifications for several high profile infrastructure projects have highlighted the need for the EPA to update its regulations to provide a common framework for consistency with Section 401 and to give project proponents, certifying authorities and federal licensing and permitting agencies additional clarity and regulatory certainty."

In May of this year, I submitted comments to the EPA that detailed Wyoming's interest in a clearer, more modernized approach to Section 401 guidance and implementation. As I have pointed out, Wyoming has been adversely impacted by the misapplication of other states' CWA Section 401 certifications. Our interest in a streamlined 401 certification process is founded by the fact that a large portion of Wyoming's economy depends on our ability to export our energy products to the markets that demand them, particularly markets located overseas in Asia. In the case of the Millennium Bulk Terminal, Washington State blocked the terminal's construction by inappropriately denying the State's Section 401 certification on account of non-water quality related impacts -- an illegal maneuver based on alleged effects that are outside of the scope of Section 401.

My review of the proposed rule is conducted with an eye toward ensuring that no other state's economic vitality is put at risk by the agenda of another. In so doing, I agree that the most challenging aspects of Section 401 guidance concern the scope of review, action on a certification request, and the amount of time available for a certifying authority to act. States, tribes, federal agencies, and project proponents will benefit by knowing what is required and what to expect during a Section 401 certification process. A modernized approach to Section 401 will reduce uncertainty and prevent misuse.

200 WEST 24TH STREET
CHEYENNE, WY 82002-0010

MARK GORDON
GOVERNOR OF WYOMING

307.777.7434 • GOVERNOR@WYO.GOV
HTTP://GOVERNOR.WYO.GOV

Section 401 certification should be focused, be efficient, and appropriately balance the federal government's jurisdiction with state autonomy. I applaud the EPA's intent to update its guidance with these goals in mind. However, there still is some work to do. This letter details recommendations on behalf of the State of Wyoming; please also refer to detailed comments submitted separately by the Wyoming Department of Environmental Quality and other Wyoming organizations.

***Scope of review*** -- *Limit Section 401 review to considerations of water quality*
There is no risk of overstating the importance of the Congressional purpose of the CWA: to protect and maintain water quality. Certifying authorities have previously interpreted the scope of Section 401 in a way that resulted in the incorporation of non-water quality related considerations into their certification review processes. Washington Department of Ecology's decision to employ the State's discretionary, policy-based denial of the Millennium Bulk Terminal Section 401 certification is one such example.

In the proposed rule, the EPA concludes that the scope of a Section 401 review or action "must be limited to considerations of water quality impacts from the potential discharge associated with a proposed federally licensed or permitted project." Wyoming adamantly supports this approach. Wyoming also supports the EPA's proposal to tie water quality requirements to "CWA and the EPA-approved state or tribal CWA regulatory programs provisions."

***Certification processes*** -- *Conditions and basis for denials*
As I previously stated in my May 24, 2019 letter to the EPA, I support advance coordination between states and federal agencies to streamline federal permitting actions. Thank you for taking this approach into consideration in the proposed draft rule. Additional recommendations concern two key aspects of certification processes:

> *Conditions*
> I support the EPA's proposal to define certification conditions as "a specific requirement included in a certification that is within the scope of certification." This guidance appropriately ties certification approvals back to the purview of Section 401 as previously discussed: water quality requirements.
>
> *Denials*
> Certification denials are a major basis for Wyoming's interest in the EPA's modernization of Section 401 guidance. Again, Washington Department of Ecology's

United States Environmental Protection Agency
Administrator Wheeler
Re: CWA 401 Proposed Final Guidance Comment
Page 3

denial of the Millennium Bulk Terminal Section 401 certification was discretionary and solely policy-based with loose, if not absent, connection to impacts on water quality.

The EPA's proposed rule recommends that a certifying authority may choose to deny a certification if it is "unable to certify that the proposed activity would be consistent with applicable water quality requirements." Wyoming supports this approach as long as the proponent is granted proper channels to supply necessary information. Wyoming also suggests that the EPA consider terms that preclude the use of denials "with prejudice." Such as in the case of the Millennium Bulk Terminal, the Washington Department of Ecology denied the project proponent's 401 certification application "with prejudice," meaning that the proponent could never reapply. It is likely that most certifying authorities would opt to approve certifications with conditions in cases where information is insufficient or design modifications need to be made in order to meet water quality requirements. However, Wyoming is keenly aware that some states may opt instead to use certification denial "with prejudice" as a tool to hamper projects from being implemented. This must be prevented.

Additionally, the proposed rule considers whether or not the EPA could invoke conditions or veto authority under language in Section 401(d). I wholeheartedly support the EPA's general interpretation that the EPA must recognize and preserve state authority over land and water resources within their borders. However, I do not support additional means under which the EPA may elect to overturn a state's certification denial or condition a project after the certifying authority has performed its due diligence. Neither the EPA nor a federal permitting or licensing agency has the authority to directly overturn a state's certification denial. The final determination on whether the state certification denial is within the scope of water quality certification is properly decided through state judicial procedures.

*Timeline for review*
The CWA and relevant case law articulate that certifying authorities must act on a Section 401 certification within a reasonable period of time, which must not exceed one year. Section 401 certification decisions in Wyoming are entirely water quality-based and easily achieved within one year of receipt of certification requests. I support the one-year maximum time limit, as originally intended under the CWA, to ensure regulatory certainty. In order to guarantee that the required timeline for review is met, the EPA should also consider setting enforcement requirements for the one-year turnaround into its final rule. Please refer to the Wyoming Department of Environmental Quality's comment letter for additional details concerning the reasonable period of time to act on a certification and time extension requests.

Moreover, Wyoming underscores the value of conducting pre-application meetings in order to assure an efficient, timely certification process. However, the process and format for these pre-application meetings should be left up to state discretion.

### *Overarching comments*
The EPA poses several questions in its proposed rule that merit further discussion:

*Additional guidance*
The EPA requests if there should be additional guidance upon completion of this rulemaking. From a regulatory process point of view, it would be appropriate for the EPA to provide guidance after the final rulemaking and thereby rescind or revise the previous guidance. However, this will depend on how clearly the final rule reads. I suggest that the EPA solicit feedback on the merits for additional guidance after the final rule is issued.

*State authority and commerce*
The EPA questions if the proposed regulations appropriately balance the scope of state authority under 401 with Congress' goal of facilitating commerce on interstate navigable waters. Wyoming contends that this can be achieved through a better-defined approach to 401 certifications that narrows the scope to keep Section 401 reviews to what Congress intended. The proposed rule, with modifications pursuant to Wyoming's requests, would achieve this goal.

In closing, one last consideration: Wyoming maintains a positive, cooperative working relationship with the EPA national, regional and local personnel. Although Wyoming does not foresee any issues upon implementation of the new Section 401 rule, in the off chance that states and the EPA do not see eye-to-eye on certification decisions, I suggest that the EPA consider building dispute resolution processes into the final rule.

Thank you for taking a hard look at states' positions and taking great care to address the substantive and constructive feedback Wyoming has provided. I look forward to seeing the final rule. Please reach out to Beth Callaway (beth.callaway@wyo.gov; 307-777-8204) in my office should you have any questions in the meantime.

Sincerely,

Mark Gordon
Governor

cc: The Honorable Mike Enzi, U.S. Senate
The Honorable John Barrasso, U.S. Senate
The Honorable Liz Cheney, U.S. House of Representatives
Leslie Rutledge, Arkansas Attorney General
Steve Landry, Louisiana Attorney General
Kevin Stitt, Oklahoma Governor
Doug Burgum, North Dakota Governor
Dr. Troy Thompson, President, Wyoming County Commissioners Association
Bobbie Frank, Executive Director, Wyoming Association of Conservation Districts
Todd Parfitt, Director, Wyoming Department of Environmental Quality