# EXHIBIT 8



October 21, 2019

Submitted electronically at http://www.regulations.gov

Ms. Lauren Kasparek
Oceans, Wetlands, and Communities Division
Office of Water (4504-T)
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue NW
Washington, DC  20460

**RE: Docket ID No. EPA-HQ-OW-2019-0405 --- Updating Regulations on Water Quality Certification**

Lighthouse Resources Inc. ("LRI") and its indirect, wholly-owned subsidiary Millennium Bulk Terminals-Longview, LLC ("Millennium") (collectively, "Lighthouse") jointly submit these comments on EPA's proposed rule: Updating Regulations on Water Quality Certification (Federal Register / Vol. 84, No. 163 / Thursday, Aug. 22, 2019 / Proposed Rules) (the "Proposed Rule").

LRI is a privately held company headquartered in Salt Lake City, Utah.  LRI and its subsidiaries own and operate two coal mines, one in Montana and one in Wyoming.

Millennium operates an existing bulk products marine terminal in Longview, Washington on the Columbia River.  Millennium has proposed to build a coal export terminal at the bulk terminals site to receive coal from inland coal mines for loading and shipment to customers in northeast Asia—primarily Japan and South Korea (the "Project").

To receive its permits, Millennium sought a Clean Water Act, Section 401 water quality certification from the Washington Department of Ecology ("Washington Ecology") for nearly six years.  As part of the 401 certification process,, Millennium has spent over $15 million to obtain an environmental impact statement ("EIS"), which originally began as a dual EIS under the National Environmental Policy Act ("NEPA") and the Washington State Environmental Policy Act ("SEPA"), with the US Army Corps of Engineers as the lead agency under NEPA and with the Washington Ecology and Cowlitz County as co-lead agencies under SEPA. In September 2013, the state and federal agencies agreed to separate and prepare both a federal EIS and a state EIS.

The state EIS concluded with respect to the Project that "**There would be no unavoidable and significant adverse environmental impacts on water quality.**"[1]  Lighthouse submits these comments because its experience with Washington Ecology and the Section 401 process has cost tens of millions of dollars, and hundreds of millions of dollars in lost revenues for its export terminal.  Millennium's experience with Washington Ecology and the Clean Water Act Section 401 process demonstrates precisely why the Proposed Rule is necessary and should be promulgated in full.

---

[1] State Environmental Policy Act, Final Environmental Impact Statement, dated April 28, 2017, Section 4.5.8 (emphasis added).

Washington Ecology has horribly abused the cooperative federalism afforded the State of Washington by Congress in the Clean Water Act by completely ignoring these water quality findings with respect to the Project.  Lighthouse believes that by sharing our experience in trying to obtain a 401 water quality certification from Washington Ecology, the Environmental Protection Agency ("EPA") will see an example of a rogue agency using the 401 process as a weapon against disfavored projects.  Lighthouse encourages the EPA to promulgate all aspects of the Proposed Rule.

Notwithstanding the unambiguous conclusion on water quality, five months later, Maia Bellon, Director of Washington Ecology denied Millennium's Section 401 water quality certification, "*with prejudice*."[2]  Washington Ecology has never before, nor ever since, denied a water quality certification with prejudice.

On Washington Ecology's website discussing the Project, in its Frequently Asked Questions section, it poses and answers the following question: "What does it mean to deny the permit with prejudice?  We denied the water quality permit with prejudice – a legal term that means that the decision is final and the applicant cannot reapply."[3]  The Proposed Rule would not afford Washington Ecology the authority to grant itself the power to deny a 401 certification with prejudice.

The Section 401 Denial Order is wholly inconsistent with the analysis and conclusions set forth in the EIS.  Instead of focusing on water quality for the 401 certification denial, Washington Ecology focused on nine non-water quality impacts, mostly relating to rail transportation. None of these Project impacts relates to water quality.

Washington Ecology's decision to deny the 401 certification was "surprising" to its SEPA co-lead agency, Cowlitz County.  "Ecology's decision to deny the 401 water quality certification request was especially surprising to [Cowlitz County officials and staff] because the FEIS unequivocally found no unavoidable and significant adverse impacts—potential or otherwise—on water quality.  Based on the FEIS, there is no question the company can satisfy all local and state water quality standards.  That is what the FEIS concluded."[4]  Instead, Washington Ecology used the Clean Water Act process to kill the Project because it was a fossil fuel infrastructure project.

The co-lead agency for the SEPA EIS, Cowlitz County concluded that Washington Ecology issued the 401 Denial Order in order to further certain policy objectives.  "Based on [Cowlitz County's] experience working on the FEIS, [we] can only conclude that those aspects of the 401 Denial relying on the FEIS are pretext, and that the real reason for the permit denial is to further unstated State policy preferences.  I am unaware of any other instance in which Ecology or another state agency denied a permit based on potential impacts similar to those outlined in the FEIS.  I believe that if these indirect impacts were truly significant and not mitigable, then state and local agencies would be forced to deny all manner of port, shipping, and transportation permits."[5]

---

[2] Order #15417, Corps Reference #NWS-2010-1225, Millennium Bulk Terminals-Longview, LLC Coal Export Terminal – Columbia River at River Mile 63, near Longview, Cowlitz County, Washington, dated September 26, 2017 ("401 Denial Order").

[3] https://ecology.wa.gov/Regulations-Permits/SEPA/Environmental-review/SEPA-at-Ecology/Millennium

[4] Sworn Declaration of Elaine Placido, Director of Community Services, Cowlitz County, filed March 8, 2019.

[5] *Id.*

Said differently, Washington Ecology abused the principles of cooperative federalism established in the Clean Water Act to stop a project that is perfectly legal to build—a project that could meet all water quality standards and requirements. Washington Governor Jay Inslee, and others in his administration, including Washington Ecology Director Bellon, have expressed their belief that no fossil fuel infrastructure projects should ever be built in the State of Washington. Denying Millennium's 401 water quality certification was the way that they could impose their own personal policy preferences to ensure that no permits would be issued for the Project and they could stop sister states from exporting their products into foreign commerce.

Washington officials just wanted to stop the project and thought that they were successful by denying the 401 water quality certification. After denying the 401 certification with prejudice, Millennium continued working with local, state and federal agencies on other permits for the Project, confident that it would eventually secure those permits and the 401 certification. However, when Millennium's consultants engaged Washington Ecology staff, asking for technical assistance and for their cooperation with other regulatory agencies that continued to process Millennium's permit applications, Director Bellon wrote Millennium that its "staff will not be spending time on permit preparation related to Millennium's additional applications for the [Project]."[6]

Director Bellon's letter undermined Millennium's permitting efforts across the board for the Project because much of the requested technical assistance related to permits from other agencies besides Washington Ecology. Washington Ecology refused to provide assistance to these other agencies in an effort to ensure that the Project died. Instead, Washington Ecology told Millennium to direct "questions regarding future permit applications" to the Washington Attorney General's office. This direction was a not-so-veiled message to Millennium that the Project was not going to ever be built, at least with any cooperation from the State of Washington.

Not content with issuing the 401 Denial Order, Washington Ecology even sought to prevent the US Army Corps of Engineers from continuing its work on the NEPA EIS. In September 2018, Director Bellon sent a letter to the Army Corps asking them to shut down its separate federal environmental review process. She twice expressed "deep concern" over the Army Corps' decision to "work on the federal permitting process . . ."[7], especially after Washington Ecology had already done everything in its power to stop the Project.

Washington Ecology's 401 Denial Order with prejudice was remarkable for a number of reasons in that nearly every aspect of the denial is unprecedented. Washington Ecology had never before, and has never since:

- Denied a 401 water quality certification for non-water quality reasons, including any reason resembling those cited in the 401 Denial Order;
- Denied a Section 401 water quality certification with prejudice;
- Denied any permit or certification of any kind based on SEPA's substantive authority to deny permits;
- Issued a denial order signed by the director;
- Required the volume or type of water quality information for a 401 certification application; and

---

[6] Letter from Maia Bellon to Millennium, October 23, 2017.

[7] Letter from Maia Bellon to Colonel Mark Geraldi, U.S. Army Corps of Engineers, September 10, 2018.

- Told a project proponent that it would not provide any further assistance on a project moving forward, and to contact the state attorney general's office for further questions.

The 401 certification process should not be abused. Accordingly, Lighthouse encourages EPA to promulgate the Proposed Rule in full, in order to keep the 401 certification process consistent with the Clean Water Act.