XAVIER BECERRA
Attorney General of California
SARAH E. MORRISON
ERIC KATZ
Supervising Deputy Attorneys General
CATHERINE M. WIEMAN, SBN 222384
TATIANA K. GAUR, SBN 246227
ADAM L. LEVITAN, SBN 280226
BRYANT B. CANNON, SBN 284496
LANI M. MAHER, SBN 318637
Deputy Attorneys General
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013
 Telephone:  (213) 269-6329
 Fax:  (916) 731-2128
 E-mail:  Tatiana.Gaur@doj.ca.gov
*Attorneys for Plaintiff State of California, by
and through Attorney General Xavier Becerra
and the State Water Resources Control Board*

*[Additional Plaintiffs and Counsel Listed on
Signature Pages]*

ROBERT W. FERGUSON
Attorney General of Washington
KELLY T. WOOD (*admitted pro hac vice*)
CINDY CHANG (*admitted pro hac vice*)
Assistant Attorney Generals
Washington Office of the Attorney General
Environmental Protection Division
 800 5th Ave Ste. 2000 TB-14
 Seattle, Washington  98104
 Telephone:  (206) 326-5493
 E-mail:  Kelly.Wood@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE**<br><br>**CLEAN WATER ACT RULEMAKING** | Case: No. 3:20-cv-04636-WHA (consolidated with Case No. 3:20-cv-04869-WHA and Case No. 3:20-cv-06137)<br><br>**PLAINTIFF STATES' RESPONSE TO DEFENDANTS' BRIEF CHALLENGING ORDER REQUIRING PRIVILEGE LOG**<br><br>(*Applies to all actions*) |

## INTRODUCTION

The Administrative Procedure Act defines an agency's administrative record as any materials the agency directly or indirectly relied upon in reaching a decision. In the Ninth Circuit and in this district, this includes internal agency documents and drafts as well as intra-agency communications. Even where deliberative process or other claimed privilege may ultimately allow

1

PLAINTIFF STATES' RESPONSE TO DEFENDANTS' BRIEF CHALLENGING ORDER REQUIRING A PRIVILEGE LOG
(Case No. 3:20-cv-04636-WHA)

1    an agency to withhold such documents, courts in this judicial district uniformly require agencies to

2    provide a privilege log of documents withheld in order to identify and substantiate the agency's

3    claims of privilege. Here, and consistent with this precedent, the Court's Case Management

4    Scheduling Order directed EPA to provide plaintiffs with a privilege log. EPA challenges that

5    directive, asserting that it has no such obligation and that, even if it did, doing so in this case would

6    be unduly burdensome on the federal government. EPA's arguments fail.

7        EPA misconstrues and misapplies relevant precedent. EPA conflates the standard for

8    supplementing the administrative record with the minimal showing under which courts in the

9    Northern District require a privilege log. That showing does not require bad faith and is easily met

10   *on its face* in this case. Specifically, EPA admits that it is withholding a substantial number of

11   documents from the administrative record on the basis of deliberative process privilege. And,

12   despite the fact that the rule at issue in this case came about wholly as the result of an Executive

13   Order from the President, EPA's record index is utterly devoid of any documents, communications,

14   or directives from the White House aside from the Executive Order itself. Along with other

15   irregularities in the index of record as set out below, precedent in this judicial district establishes

16   that EPA must—at a minimum—provide plaintiffs with a privilege log. Because it has had since at

17   least July to do so, and has refused despite Plaintiff States' repeated requests, EPA's claims of

18   undue burden are disingenuous and unfounded.

19                                              **ARGUMENT**

20   **I.    LEGAL STANDARD.**

21       In considering a legal challenge to agency action, reviewing courts are limited to the

22   administrative record. *Lands Council v. Powell*, 395 F.3d 1019, 1026 (9th Cir. 2004). That record,

23   while prepared by the agency, is not "necessarily those documents that the *agency* has compiled

24   and submitted as 'the' administrative record"; rather, "[t]he whole administrative record … consists

25   of all documents and materials directly or indirectly considered by agency decision-makers and

26   includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Labor*, 885 F.2d

27   551, 555 (9th Cir. 1989) (internal quotations and citations omitted; emphasis in original); *see also*

28   *State of Cal. ex rel. Lockyer v. U.S. Dep't of Agriculture*, Nos. C05-3508 & C05-4038, 2006 WL

2

PLAINTIFF STATES' RESPONSE TO DEFENDANTS' BRIEF CHALLENGING ORDER REQUIRING A PRIVILEGE LOG
(Case No. 3:20-cv-04636-WHA)

708914, at *2 (N.D. Cal. Mar. 16, 2006) ("To be complete, the administrative record must contain materials that are directly or indirectly related to the agency's decision, not just those materials that the agency relied on."). Such documents include communications received from other agencies, and can include communications from the Department of Justice and/or the White House when there is an indication of participation in agency decision-making. *Regents of the Univ. of California v. United States Dep't of Homeland Security*, 2017 WL 4642324, at *3-4 (N.D. Cal. Oct 17, 2017). In addition, while some circuits have excluded internal communications in certain circumstances, courts in this judicial district "have uniformly concluded that internal agency communications and drafts are part of the administrative record" and that "it is wrong to assert that these types of materials, as a categorical matter, should be excluded…." *Center for Food Safety v. Vilsack*, 2017 WL 1709318, at *4 (N.D. Cal. May 3, 2017); *quoting Institute for Fisheries Res. v. Burwell*, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017).

Because it is improper to categorically exclude such documents, courts in the Northern District "have consistently held that parties that intend to withhold documents based on privilege must produce a privilege log…." *State v. U.S. Dep't of Homeland Sec.*, 2020 WL 1557424, at *9 (N.D. Cal. Apr. 1, 2020); *quoting S.F. Bay Conservation & Dev. Comm'n v U.S. Army Corps of Eng'rs*, 2018 WL 3846002, at *7. Indeed, as this Court has noted, "[i]f a privilege applies, the proper strategy isn't pretending the protected material wasn't considered, but withholding or redacting the protected material and then logging the privilege." *Regents of Univ. of California*, 2017 WL 4642324, at *7; *quoting Inst. for Fisheries Res. v. Burwell*, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017).

## II.    EPA MUST PROVIDE A PRIVILEGE LOG IDENTIFYING DOCUMENTS THAT IT HAS WITHHELD FROM THE RECORD BASED ON PRIVILEGE.

EPA challenges this Court's order that it produce a privilege log identifying those portions of the administrative record it is withholding based on deliberative process privilege or other asserted privileges. EPA disagrees with prior rulings from courts within the Northern District holding that deliberative process materials cannot categorically be excluded from an administrative record. EPA also asserts that privilege logs for documents withheld based on deliberative process

1   privilege are only required where a plaintiff first establishes "bad faith or improper behavior" on

2   the part of a federal agency. ECF No. 95 at 10. Neither of these arguments has merit.

3        First, EPA's argument conflates the standard for adding deliberative process documents to

4   the record with the minimal showing required in the Northern District to rebut the presumption of

5   completeness of the record for privilege log purposes. Far from requiring bad faith or improper

6   action, completeness can be rebutted solely based on the fact that an agency is withholding

7   documents on the privilege grounds, a fact that is admitted here.

8        For example, in *Gill v. Dep't of Justice*, 2015 WL 9258075, at \*7 (N.D. Cal. Dec. 18, 2015),

9   the federal government asserted—as it does here—that it was not required to provide a privilege

10  log because "absent an allegation of bad faith or improper behavior" deliberative materials are

11  privileged and not part of the administrative record. *Id*. The court rejected that argument. While

12  acknowledging that deliberative documents ultimately may be excluded from the record, the court

13  held that the government was not excused from identifying the documents it was excluding. *Id*.

14  Although the *Gill* court indicated in another portion of the opinion that plaintiffs had rebutted the

15  presumption of completeness based on the government's use of an incorrect standard for certifying

16  the record, the court also made clear that the privilege log requirement would exist even if the

17  correct standard had been used. *Id*. The court then reiterated the well-established practice in the

18  Northern District requiring "parties withholding documents on the basis of the deliberative process

19  privilege to, at a minimum, substantiate those claims in a privilege log." *Id., citing, e.g., Ctr. for

20  Biological Diversity v. U.S. Bureau of Land Mgmt.*, 2007 WL 3049869, at \*6 (N.D. Cal. Oct. 18,

21  2007); *Lockyer*, 2006 WL 708914, at \*4. Here, EPA admits that it has excluded deliberative

22  documents from the record in this case. ECF No. 95 at 3. As in *Gill*, EPA should be required to

23  identify withheld documents so that plaintiffs can evaluate the assertion of privilege and can seek

24  a determination from the Court whether such records are properly excluded.

25       Additionally, courts have also found a showing of incompleteness sufficient to require a

26  privilege log based on an agency's withholding of records from other parts of the Executive Branch,

27  including the White House. In *Regents of University of California*, 2017 WL 4642324, this Court

28  found the presumption of completeness rebutted  where he record lacked documents from White

4

House officials or staff, despite their publicly declared participation in, and influence over, the rulemaking at issue. *Id*. at *3-4. Based on this and other available information, this Court required defendants to provide a privilege log for all documents withheld on the grounds of privilege. *Id*. at *8.

A similar situation exists here. It is beyond dispute that the "Clean Water Act Section 401 Certification Rule," 85 Fed. Reg. 42,210 (July 13, 2020) (section 401 rule) challenged in this case is the direct result of an executive order from the President. ECF No. 95 at 5. Indeed, the White House has gone out of its way to take credit for the rule. The President himself has repeatedly decried the fact that states are able to use Clean Water Act authority to condition or deny energy projects based on water quality impacts and has stated that his executive order "will fix this, dramatically accelerating energy infrastructure approvals."[1] Despite clear indication of the White House's push to curtail the states' section 401 authority for the sake of increased energy infrastructure—and its direct command that EPA accomplish that goal via the section 401 rulemaking—EPA's certified index is devoid of documents or communications between the White House and EPA except for the Executive Order itself. As in *Regents*, this absence strains credulity and alone is sufficient to rebut the presumption of completeness. Moreover, EPA admits that such documents exist but are being withheld pursuant to deliberative process privilege. ECF No. 92-3, Declaration of John Goodin, ¶¶ 33-35 (stating that records reflecting the Executive Branch's internal processes regarding the rule have been withheld).

These documents are potentially critical to plaintiffs' arguments that the section 401 rule should be invalidated because it was based on factors that Congress never intended EPA to consider in the Clean Water Act—namely the increase of domestic energy production untethered from any concerns related to water quality. *See Motor Vehicle Mfrs. Ass'n of U.S. v. State Farms Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (an agency acts in an arbitrary and capricious manner when it "relie[s] on factors which Congress has not intended it to consider [or] fail[s] to consider an

---

[1] *See, e.g.,* Remarks by President Trump at Signing of Executive Order on Energy and Infrastructure, Crosby, TX, White House Office of the Press Secretary (April 10, 2019), *available at* https://www.whitehouse.gov/briefings-statements/remarks-president-trump-signing-executive-order-energy-infrastructure-crosby-tx/.

1   important aspect of the problem"). Again, such documents may potentially be withheld pursuant to

2   relevant law governing supplementation of the record and/or the existence of applicable privilege.

3   But, those determinations simply cannot be made without the government disclosing the existence

4   of such records and substantiating its basis for withholding them.

5          Second, EPA also is incorrect in asserting that rebutting completeness requires plaintiffs to

6   specifically identify records obtained via a Freedom of Information Act (FOIA) request. While

7   documents obtained pursuant to FOIA certainly can be used as a basis to argue that an

8   administrative record is incomplete, it is far from the only means of doing so—as clearly indicated

9   by the above-referenced case law. Furthermore, because deliberative process and other privilege

10  protections also serve as shields from FOIA disclosure, it is disingenuous for EPA to claim that

11  plaintiffs were required to somehow obtain documents EPA now asserts are privileged to show that

12  such records indicate an incomplete record.

13         Finally, EPA's certified index shows on its face that it contains less than all documents and

14  materials directly or indirectly considered by the agency in making its decision. In fact, EPA's

15  certified index is missing dozens of documents that EPA itself cites in the preamble to the final

16  section 401 rule. These documents include relevant case law, legislative materials, and prior

17  regulatory guidance, all of which clearly should be included in the record. Declaration of Kelly

18  Wood (Wood Decl.) at ¶¶ 4-5. EPA's claims that the record is complete are false.

19         In short, this judicial district and this Court have consistently required the federal

20  government to produce a privilege log for all documents withheld from the record on grounds of

21  privilege. EPA provides no compelling reason for this Court to abandon that requirement in this

22  case, and the presumption of completeness for privilege log purposes has been amply rebutted. The

23  Court should decline to modify its Case Management Scheduling Order.

24  **III.   REQUIRING A PRIVILEGE LOG WOULD NOT BE UNDULY BURDENSOME ON THE
        FEDERAL GOVERNMENT.**

25

26         EPA argues in the alternative that it should be excused from providing a privilege log

27  because such a requirement would be unreasonable and unduly burdensome on the federal

28  government. To the contrary, the potential burden on EPA does not erase its obligation to identify

6

1    privileged materials withheld from the record.

2          EPA points to no binding authority for the proposition that the burden of producing a

3    privilege log relieves the federal government of the obligation to provide one. The cases EPA

4    cites for the proposition that it can categorically exclude deliberative materials from the record

5    are from outside of this jurisdiction and not binding on this Court. Furthermore, EPA cannot

6    credibly claim that it was caught off guard by such a requirement. As noted above, and indeed as

7    noted by the Court during the case management conference, the law in the Northern District is

8    clear. The present actions have been filed in this judicial district since the middle of July and

9    Plaintiff States have repeatedly requested the production of a privilege for documents withheld

10   from the record. Wood Decl. at ¶ 6. EPA provides no explanation why—despite clear case law to

11   the contrary—it waited until specifically directed by the Court (nearly four full months) to begin

12   looking into what documents were withheld from the record. Whatever situation EPA finds itself

13   in now is one of its own making.

14         That said, Plaintiff States remain willing to work with EPA on reasonable accommodations.

15   Plaintiff States are also willing to accept the production of a privilege log on a rolling basis—so

16   long as the timelines for doing so remain reasonable. Plaintiff States note that the total length of

17   time for EPA's privilege log production may impact current deadlines for motions to complete the

18   record and summary judgment. Should the Court be inclined to extend the November 12 deadline

19   for production of the privilege log, Plaintiff States request that the Court give the parties 10 days

20   to develop and propose a reasonable schedule for the extension.

21                                     **CONCLUSION**

22         For the reasons set out above, Plaintiff States respectfully request that this Court maintain

23   its order that EPA produce a privilege log identifying those records it has withheld from the record

24   based on privilege, and substantiating the basis for doing so. As noted, Plaintiff States are willing

25   ///

26   ///

27   ///

28   ///

7

1    to work with EPA to provide reasonable accommodations in order to address EPA's concerns

2    that production of a privilege log will be burdensome.

3

4    Dated: November 5, 2020                              Respectfully submitted,

5
     XAVIER BECERRA                                       ROBERT W. FERGUSON
6    Attorney General of California                       Attorney General of Washington
     SARAH E. MORRISON
7    ERIC KATZ                                            /s/ Kelly T. Wood
     Supervising Deputy Attorneys General                KELLY T. WOOD (*admitted pro hac vice*)
8    CATHERINE M. WIEMAN                                  CINDY CHANG (*admitted pro hac vice*)
     ADAM L. LEVITAN                                      Assistant Attorneys General
9    BRYANT B. CANNON                                     Washington Office of the Attorney General
     LANI M. MAHER                                        Environmental Protection Division
10   Deputy Attorneys General                            800 5th Avenue, Suite 2000, TB-14
                                                          Seattle, WA 98104-3188
11                                                        Telephone: (206) 326-5493
     /s/ Tatiana K. Gaur                                  E-mail: Kelly.Wood@atg.wa.gov
12   Tatiana K. Gaur, Deputy Attorney General            *Attorneys for Plaintiff State of Washington*
     *Attorneys for Plaintiff State of California, by*
13   *and through Attorney General Xavier*
     *Becerra and the State Water Resources*
14   *Control Board*

15
     For the STATE OF NEW YORK                            For the STATE OF COLORADO
16
     LETITIA JAMES                                        PHILIP J. WEISER
17   Attorney General of New York                         Attorney General of Colorado

18   /s/ Brian Lusignan                                   /s/ Carrie Noteboom
     BRIAN LUSIGNAN (*admitted pro hac vice*)             CARRIE NOTEBOOM (*admitted pro hac vice*)
19   Assistant Attorney General                           ANNETTE QUILL (*admitted pro hac vice*)
     Office of the Attorney General                       Ralph L. Carr Colorado Judicial Center
20   Environmental Protection Bureau                      1300 Broadway, 10th Floor
     28 Liberty Street                                    Denver, CO 80203
21   New York, NY 10005                                   Telephone: (720) 508-6000
     Telephone:  (716) 853-8465                           E-mail: Carrie.noteboom@coag.gov
22   Fax: (716) 853-8579                                  E-mail: Annette.quill@coag.gov
     E-mail: brian.lusignan@ag.ny.gov
23

24

25

26

27

28

| | | |
|---|---|---|
| 1 | For the STATE OF CONNECTICUT | For the STATE OF ILLINOIS |
| 2 | WILLIAM TONG<br>Attorney General of Connecticut | KWAME RAOUL<br>Attorney General of Illinois |
| 3 | | |
| | */s/* Jill Lacedonia | */s/* Jason E. James |
| 4 | JILL LACEDONIA, (*admitted pro hac vice*)<br>Assistant Attorney General | MATTHEW J. DUNN<br>Chief, Environmental |
| 5 | Connecticut Office of the Attorney General<br>165 Capitol Ave. | Enforcement/Asbestos Litigation Division<br>JASON E. JAMES (*admitted pro hac vice*) |
| 6 | Hartford, CT 06106<br>Telephone: (860) 808 5250 | Assistant Attorney General<br>69 W. Washington Street, 18th Floor |
| 7 | E-mail: Jill.lacedonia@ct.gov | Chicago, IL 60602<br>Telephone: (312) 814-0660 |
| 8 | | E-mail: jjames@atg.state.il.us |
| 9 | For the STATE OF MAINE | For the STATE OF MARYLAND |
| 10 | AARON M. FREY<br>Attorney General of Maine | BRIAN E. FROSH<br>Attorney General of Maryland |
| 11 | | |
| | */s/* Jillian R. O'Brien | */s/* John B. Howard, Jr. |
| 12 | JILLIAN R. O'BRIEN, CA SBN 251311<br>Assistant Attorney General | JOHN B. HOWARD, JR. *<br>Special Assistant Attorney General |
| 13 | 6 State House Station<br>Augusta, ME 04333 | Office of the Attorney General<br>300 Saint Paul Place, 20th Floor |
| 14 | Telephone: (207) 626-8800<br>E-mail: Jill.obrien@maine.gov | Baltimore, MD 21202<br>Telephone: (401) 576-6970 |
| 15 | | E-mail: jbhoward@oag.state.md.us |
| 16 | For the COMMONWEALTH OF<br>MASSACHUSETTS | For the STATE OF MICHIGAN |
| 17 | | DANA NESSEL<br>Attorney General of Michigan |
| 18 | MAURA HEALEY<br>Attorney General of Massachusetts | |
| | | */s/* Gillian E. Wener |
| 19 | */s/* Matthew Ireland | GILLIAN E. WENER*<br>Assistant Attorney General |
| 20 | MATTHEW IRELAND (*admitted pro hac vice*)<br>TURNER SMITH (*admitted pro hac vice*) | Michigan Department of Attorney General<br>Environment, Natural Resources and |
| 21 | Assistant Attorneys General<br>Office of the Attorney General | Agriculture Division<br>P.O. Box 30755 |
| 22 | Environmental Protection Division<br>One Ashburton Place, 18th Floor | Lansing, MI 48909<br>Telephone: (517) 335-7664 |
| 23 | Boston, MA 02108<br>Telephone:  (617) 727-2200 | E-mail: wenerg@michigan.gov |
| 24 | E-mail: Matthew.ireland@mass.gov<br>E-mail: Turner.smith@mass.gov | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

9

1    For the STATE OF MINNESOTA           For the STATE OF NEVADA

2    KEITH ELLISON                         AARON D. FORD
     Attorney General of Minnesota         Attorney General of Nevada

3

4    */s/* Peter N. Surdo                  */s/* Heidi Parry Stern
     PETER N. SURDO (*admitted pro hac vice*)    HEIDI PARRY STERN (*admitted pro hac vice*)
     Special Assistant Attorney General     Solicitor General

5    Minnesota Attorney General         Office of the Nevada Attorney General
     445 Minnesota St.                 555 E. Washington Ave., Ste. 3900

6    Town Square Tower Suite 1400       Las Vegas, NV 89101
     St. Paul, MN 55101                E-mail: hstern@ag.nv.gov

7    Telephone: (651) 757-1061
     E-mail: Peter.surdo@ag.state.mn.us

8

9    For the STATE OF NEW JERSEY      For the STATE OF NEW MEXICO

10   GURBIR S. GREWAL             HECTOR BALDERAS
     Attorney General of New Jersey      Attorney General of New Mexico

11   */s/* Lisa Morelli                   */s/* William G. Grantham
     LISA MORELLI, CA SBN 137092       WILLIAM G. GRANTHAM

12   Deputy Attorney General          Assistant Attorney General
     Environmental Permitting and Counseling   Consumer & Environmental Protection

13   R.J. Hughes Justice Complex       Division
     P.O. Box 093                    P.O. Drawer 1508

14   Trenton, NJ 08625              Santa Fe, NM 87504-1508
     Telephone: (609) 376-2804        Telephone: (505) 717-3520

15   E-mail: Lisa.Morrelli@law.njoag.gov    E-mail: wgrantham@nmag.gov

16   For the STATE OF NORTH CAROLINA    For the STATE OF OREGON

17   JOSHUA H. STEIN              ELLEN F. ROSENBLUM
     Attorney General of North Carolina    Attorney General of Oregon

18

     */s/* Taylor H. Crabtree             */s/* Paul Garrahan
19   DANIEL S. HIRSCHMAN          PAUL GARRAHAN
     Senior Deputy Attorney General      (*admitted pro hac vice*)

20   TAYLOR H. CRABTREE           Attorney-in-Charge
     (*admitted pro hac vice*)          Natural Resources Section

21   Assistant Attorney General         Oregon Department of Justice
     ASHER P. SPILLER             1162 Court St. NE

22   Assistant Attorney General         Salem, OR 97301
     North Carolina Department of Justice   Telephone: (503) 947-4593

23   P.O. Box 629                   E-mail: Paul.garrahan@doj.state.or.us
     Raleigh, NC 27602

24   Telephone: (919) 716-6400
     E-mail: tcrabtree@ncdoj.gov

25   E-mail: aspiller@ncdoj.gov

26

27

28

| | |
|---|---|
| For the STATE OF RHODE ISLAND | For the STATE OF VERMONT |

PETER F. NERONHA
Attorney General of Rhode Island

THOMAS J. DONOVAN, JR.
Attorney General of Vermont

/s/ Alison B. Hoffman
ALISON B. HOFFMAN
(*admitted pro hac vice*)
Special Assistant Attorney General
Office of the Attorney General
150 South Main Street
Providence, RI 02903
E-mail: ahoffman@riag.ri.gov

/s/ Laura B. Murphy
LAURA B. MURPHY (*admitted pro hac vice*) Assistant Attorney General
Vermont Attorney General's Office
Environmental Protection Division
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3186
E-mail: laura.murphy@vermont.gov

For the COMMONWEALTH OF VIRGINIA

For the STATE OF WISCONSIN

MARK R. HERRING
Attorney General of Virginia

JOSHUA L. KAUL
Attorney General of Wisconsin

/s/ David C. Grandis
DONALD D. ANDERSON
Deputy Attorney General
PAUL KUGELMAN, JR.
Senior Assistant Attorney General
Chief, Environmental Section
DAVID C. GRANDIS (*admitted pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 225-2741
E-mail: dgrandis@ oag.state.va.us

/s/ Gabe Johnson-Karp
GABE JOHNSON-KARP
(*admitted pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53702-7857
Telephone: (608) 267-8904
Fax: (608) 267-2223
Email: johnsonkarpg@doj.state.wi.us

For the DISTRICT OF COLUMBIA

KARL A. RACINE
Attorney General for the District of Columbia

/S/ BRIAN CALDWELL
BRIAN CALDWELL (*admitted pro hac vice*)
Assistant Attorney General
Social Justice Section
Office of the Attorney General for the District of Columbia
441 Fourth Street, N.W. Ste. #600-S
Washington, D.C. 20001
Telephone: (202) 727-6211
E-Mail: Brian.Caldwell@Dc.Gov

*Application for admission pro hac vice pending or forthcoming

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.


DATED: November 5, 2020                                    /s/ Tatiana K. Gaur
                                                           Tatiana K. Gaur


LA2020302450
63730093.docx

# CERTIFICATE OF SERVICE

Case Name:   **In re Clean Water Act Rulemaking**

Case No.:    **3:20-cv-04636-WHA**

I hereby certify that on <u>November 5, 2020,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**PLAINTIFF STATES' RESPONSE TO DEFENDANTS' BRIEF
CHALLENGING ORDER REQUIRING PRIVILEGE LOG**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 5, 2020</u>, at Los Angeles, California.

| Beatriz Davalos | /s/ Beatriz Davalos |
|:---:|:---:|
| Declarant | Signature |

LA2020302450
63520319.docx