Andrew Hawley (CA Bar No. 229274)
Western Environmental Law Center
1402 3rd Avenue, Ste. 1022
Seattle, Washington 98101
hawley@westernlaw.org
tel: 206-487-7250

Daniel James Cordalis (CA Bar No. 321722)
Cordalis Law, P.C.
2910 Springer Drive
McKinleyville, California 95519
dcordalislaw@gmail.com
tel: 303-717-4618

Peter M. K. Frost, appearance *pro hac vice*
Sangye Ince-Johannsen, appearance *pro hac vice*
Western Environmental Law Center
120 Shelton McMurphey Boulevard, Ste. 340
Eugene, Oregon 97401
frost@westernlaw.org
sangyeij@westernlaw.org
tel: 541-359-3238 / 541-778-6626

Attorneys for Plaintiffs American Rivers,
American Whitewater, California Trout, Idaho Rivers United

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>Clean Water Act Rulemaking | Case: No. 20-cv-04636-WHA (consolidated)<br><br>**PLAINTIFFS AMERICAN RIVERS, AMERICAN WHITEWATER, CALIFORNIA TROUT, AND IDAHO RIVERS UNITED'S RESPONSE TO DEFENDANTS' BRIEF CHALLENGING PRIVILEGE LOG** |

Plaintiffs American Rivers, American Whitewater, California Trout, and Idaho Rivers United (collectively "American Rivers") respectfully request that the Court reaffirm its order requiring Defendants Environmental Protection Agency and Andrew Wheeler (collectively "EPA") to produce a log of all materials withheld from the proposed administrative record on the basis of privilege.

On July 13, 2020, American Rivers filed suit over EPA's modification to the regulations implementing section 401 of the Clean Water Act, 33 U.S.C. § 1341, which grants states and tribes the authority to approve, condition, or deny federally licensed or permitted activities within their borders, 85 Fed. Reg. 42,210 (July 13, 2020) ("Final Rule").  ECF No. 1; *see also* ECF No. 75 (First Amended Complaint).  American Rivers alleges the Final Rule unlawfully narrows the applicability of section 401; circumscribes the scope of review of the certifying state or tribe; limits the information on the proposed federal project made available to states, tribes, and the public to inform the certification determination; restricts the conditions the state or tribe may impose to ensure state or tribal laws are met; and empowers the federal licensing or permitting agency to effectively overrule a state or tribal determination of whether such laws are met.  American Rivers alleges that the Final Rule runs counter to the evidence presented by the states, tribes, and public on the root causes of any delays that may occur under the current regulations, and thus will not result in more efficient certification reviews; is based on the interest of developing of energy infrastructure and development projects at the expense of protecting water quality; fails to protect the primacy of the states and tribes in protecting and restoring waters within their boundaries; and otherwise is premised on rationales that are inconsistent with the mandates, goals, and intent of the Clean Water Act.  ECF No. 75 at 30-31 (Claim 7).

On October 16, 2020, EPA lodged a certified index of the "documents comprising the administrative record."  ECF No. 85.  That index did not include a log of any documents EPA withheld from the proposed Administrative Record based on claim of privilege.  Subsequently, the Court's Case Management Schedule ordered EPA to provide a privilege log. ECF No. 89.

EPA challenges that order, asserting it has no duty to provide a privilege log, and even if it did, doing so in this case would be unduly burdensome. ECF No. 95.

American Rivers joins the Plaintiff States' response, ECF No. 101, explaining why EPA's arguments fail. As the Plaintiff States note, "[i]f a privilege applies, the proper strategy isn't pretending the protected material wasn't considered, but withholding or redacting the protected material and then logging the privilege." *Regents of the Univ. of California v. United States Dep't of Homeland Security*, 2017 WL 4642324, at *7 (N.D. Cal. Oct 17, 2017), *quoting Inst. for Fisheries Res. v. Burwell*, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017). As such, EPA must produce a log of all materials it has withheld from the proposed administrative record and explain the asserted privilege.

Moreover, while the burden on EPA is not sufficient to overcome the requirement to produce this information, similar to the Plaintiff States, American River is willing to work with EPA on reasonable accommodations to ensure an efficient process, such as accepting the production of a privilege log on a rolling basis. However, because an extension of time necessary to produce this information may impact current deadlines for motions to complete the record and summary judgment, should the Court be inclined to extend the November 12 deadline for production of the privilege log, American Rivers joins the Plaintiff States' request that the Court give the parties 10 days to develop and propose a reasonable schedule for the extension.

For the reasons set out above and in the Plaintiff States' Response, American Rivers respectfully requests that this Court maintain its requirement that EPA produce a privilege log identifying those records it has withheld from the record based on privilege, and substantiating the basis for doing so. As noted, American Rivers is willing to work with EPA to provide reasonable accommodations in order to lessen the burden of producing the privilege log.

DATED this 5th day of November, 2020.

Respectfully Submitted,
*/s/ Andrew Hawley*
Andrew Hawley
Daniel James Cordalis
Peter M. K. Frost
Sangye Ince-Johannsen

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Response to Defendants' Brief Challenge Privilege Log was electronically filed with the Clerk of the Court on November 5, 2020 using the Court's electronic filing system, which will send notification of said filing to the attorneys of record that have, as required, registered with the Court's system.

*s/ Andrew Hawley*
Andrew Hawley