STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CLEAN WATER ACT RULEMAKING.

No. C 20-04636 WHA
No. C 20-04869 WHA
No. C 20-06137 WHA

This Document Relates to:

ALL ACTIONS.

(consolidated)

**ORDER RE PRIVILEGE LOG**

In a challenge to rulemaking under the Administrative Procedure Act, must an agency log documents withheld as deliberative? Despite contrary caselaw in other jurisdictions, in this district we have uniformly answered yes.

The administrative record bounding our review includes not only "those documents that the *agency* has compiled and submitted as 'the' administrative record," but "all documents and materials directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't. of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). Absent a showing otherwise, an agency's certified record enjoys a presumption of completeness and regularity. *See Portland Audubon Soc. v. Endangered Species Comm'n*, 984 F.2d 1534, 1548 (9th Cir. 1993); *Dep't of Commerce v. New York*, 588 U.S. ___, 139 S. Ct. 2551, 2573–74 (2019); *see also Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 415 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

Yet meaningful review demands a complete account of the bases for agency conduct. *Commerce*, 139 S. Ct. at 2573. "An incomplete record *must* be viewed as a 'fictional account

of the actual decisionmaking process.'" *Portland*, 984 F.2d at 1548 (citing *Home Box Office, Inc. v. FCC*, 567 F.2d 9, 54 (D.C. Cir. 1977)) (emphasis added).  Narrow circumstances permit consideration of evidence outside the administrative record, but long held among them is the case where "the agency has relied on documents not in the record." *Lands Council v. Powell*, 395 F.3d 1019, 1029–30 (9th Cir. 2005).

Our presumption of regularity means we try to avoid "inquiry into the mental processes of administrative decisionmakers." *Volpe*, 401 U.S. at 420.  So the deliberative process privilege "permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated."  *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).

"If a privilege applies, [though,] the proper strategy isn't pretending the protected material wasn't considered, but withholding or redacting the protected material and then logging the privilege."  *Inst. for Fisheries Resources v. Burwell*, No. C 16-01574-VC, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017) (Judge Vince Chhabria).  Where a plaintiff rebuts the presumption of regularity with clear evidence, a reasonable and non-speculative basis for the belief, that such withheld and deliberative documents exist, a privilege log will be required.  *See Portland*, 984 F.2d at 1548; *Sierra Club v. Zinke*, No. C 17-07187 WHO, 2018 WL 3126401, at *3 (N.D. Cal. June 28, 2018) (Judge William H. Orrick); *Regents of Univ. of California v. United States Dep't of Homeland Sec.*, No. C 17-05211 WHA, 2017 WL 4642324, at *2 (N.D. Cal. Oct. 17, 2017).

Our court of appeals has not spoken on this issue.  *See In re United States*, 875 F.3d 1200, 1210 (9th Cir. 2017), *vacated on other grounds*, 138 S. Ct. 443 (2018) (per curiam).  Yet every court in this district to consider the matter has required a privilege log.  *See California v. United States Dep't of Homeland Sec.*, No. C 19-04975 PJH, 2020 WL 1557424, at *9 (N.D. Cal. April 1, 2020) (Chief Judge Phyllis J. Hamilton); *Ctr. for Env'tl Health v. Perdue*, No. C 18-01763 RS, 2019 WL 3852493 at *2–*3 (N.D. Cal. May 6, 2019) (Judge Richard Seeborg); *S.F. Bay Conserv. & Dev. Comm'n v. United States Army Corp of Eng'rs*, No. C 16-05420 RS

2

(JCS), 2018 WL 3846002, at *6–*7 (N.D. Cal. Aug. 13, 2018) (Chief Magistrate Judge Joseph C. Spero); *Sierra Club*, 2018 WL 3126401, at *5; *Regents*, 2017 WL 4642324, at *7; *Ctr. for Food Safety v. Vilsack*, No. C 15-01590 HSG (KAW), 2017 WL 1709318, at *5 (N.D. Cal. May 3, 2017) (Magistrate Judge Kandis A. Westmore); *Burwell*, 2017 WL 89003, at *1; *Gill v. Dep't of Justice*, No. C 14-03120 RS (KAW), 2015 WL 9258075, at *7 (N.D. Cal. Dec. 18, 2015); *NRDC v. Gutierrez*, No. C 01-00421 JL, 2008 WL 11358008, at *7–*8 (N.D. Cal. Jan. 14, 2008) (Chief Magistrate Judge James Larson); *California ex rel. Lockyer v. United States Dep't. of Ag.*, No. C 05-03508 EDL, 2006 WL 708914, at *1 (N.D. Cal. Mar. 16, 2006) (Magistrate Judge Elizabeth D. Laporte); *see also Oceana, Inc. v. Pritzker*, No. C 16-06784 LHK (SVK), 2017 WL 2670733, at *2, *8 (N.D. Cal. June 21, 2017) (Magistrate Judge Susan Van Keulen); *Desert Survivors v. United States Dep't of the Int.*, 231 F. Supp. 3d 368, 382–83 (N.D. Cal. 2017) (Chief Magistrate Judge Joseph C. Spero). Both our court of appeals and the United States Supreme Court have recently declined to disturb this trend, instead noting that a district court should exercise restraint in supplementing the record and only after the agency has been heard. *See In re United States*, 875 F.3d at 1210, 138 S. Ct. at 445.[*]

This order acknowledges that other circuits go the other way. The Court of Appeals for the District of Columbia Circuit has said that "predecisional and deliberative documents are not part of the administrative record to begin with." *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (quote omitted) (citing *In re Subpoena Duces Tecum*, 156 F.3d 1279, 1279–80 (D.C. Cir. 1998). That guidance, however, appears inconsistent with the law of our circuit.

The APA requires us to review the "whole record" underlying agency conduct. 5 U.S.C. § 706; *see Volpe*, 401 U.S. at 419. Nowhere do the APA's provisions for judicial review exempt so-called deliberative documents from scrutiny. *See* 5 U.S.C. §§ 701–706. The notion that deliberative documents might be so shielded appears to have been imported from

---

[*] The Administrator's sole contrary citation from this district appears anything but. Upon a motion to compel the Administrator to produce a privilege log in *Anderson v. McCarthy*, the undersigned instead skipped the privilege log and ordered production of the challenged documents for *in camera* review. No. C 16-00068 WHA, Dkt. No. 86 (N.D. Cal. Sept. 7, 2016). Regardless, no part of that two sentence disposition can be taken as a ruling of law on the scope of the administrative record under the APA.

3

Exemption 5 of the Freedom of Information Act. To the extent it applies here, "[t]he deliberative process privilege is a qualified one." It seeks to protect the quality of agency decisionmaking by promoting full, frank, and independent discussion among decisionmakers and may be overridden by the "the need for accurate fact-finding." *FTC*, 742 F.2d at 1160–61. The D.C. Circuit has itself explained why such a privilege must give way at times:

> [A]n absolute judicial refusal to inspect [deliberative documents] at the threshold of inquiry sweeps too broadly. In practical effect, [such refusal] may deprive [a] petitioner of the only available, and perhaps the most complete, evidence of agency wrongdoing. Moreover, it creates incentives for concealment from the public and reviewing courts by announcing to the agency that any improper actions taken during their proceedings will be unreviewable so long as no tangible evidence of these improper actions escapes from the meeting room. Only by leaving open the possibility of at least *in camera* judicial inspection of [deliberative documents] can the legitimate interests of petitioners and the public in judicial review of agencies and their procedures be vindicated.

*San Luis Obispo Mothers for Peace v. U.S. Nucl. Reg. Comm'n*, 789 F.2d 26, 45, 252 (D.C. Cir. 1986) (Mikva, J., concurring). If the limits of this privilege are ever to be invoked, then the relevant documents must be disclosed and the privilege claimed.

In sum, an agency places itself under review by acting. Deliberative documents "compris[e] part of [the decision making] process" which have necessarily been at least "*indirectly* considered by agency decision-makers" and so come within the administrative record. *See FTC*, 742 F.2d at 1161; *Thompson*, 885 F.2d at 555. If the agency wishes to withhold certain documents based upon privilege, it must disclose their existence and claim the basis for such privilege. Permitting an agency to contrive the record by suppressing such documents invites pretext and undermines any possibility of "meaningful judicial review." *See Commerce*, 139 S. Ct. at 2573.

Here, the Administrator has been heard. He conceded that a considerable number of deliberative documents have been excluded from the administrative record (Dkt. Nos. 95 at 18–22; 92-3 at ¶¶ 30–35). This alone satisfies plaintiffs' burden. It's also worth noting that the final rule in question follows President Donald J. Trump's Executive Order 13,868, which directed the Administrator to reevaluate "[o]utdated [f]ederal guidance and regulations

4

regarding section 401 of the Clean Water Act." 84 Fed. Reg. 15,495, 15,496 (April 15, 2020). Yet the administrative record index contains *no other* document shared between the White House and the Administrator. It strains credulity to suggest that the President imposed a six-month deadline for the Administrator to overhaul a significant, complex, and contentious environmental-regulation scheme without so much as a heads-up note, a check in, or a follow-up question by the Administrator.

In categorically excluding as privileged deliberative documents that may have been at least indirectly considered in the rulemaking, the Administrator used the wrong standard to compile the record before us. The Administrator is **ORDERED** to complete the administrative record and/or produce a log of documents withheld as privileged. Recognizing the time and effort required for compliance with this order, the parties **SHALL** meet, confer, and propose a stipulated order delineating the scope and timeline for completion of the record and production of a privilege log. If necessary, the parties shall propose amendments to the case management scheduling order (Dkt. No. 89). Such proposal is due **NOVEMBER 24 AT NOON**.

**IT IS SO ORDERED.**

Dated: November 12, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE