**TROUTMAN PEPPER HAMILTON SANDERS LLP**

Elizabeth Holt Andrews (SBN 263206)
elizabeth.andrews@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, California 94111-4057
Telephone:   415.477.5700
Facsimile:   415.477.5710

Misha Tseytlin (admitted *pro hac vice*)
misha.tseytlin@troutman.com
Sean T.H. Dutton (admitted *pro hac vice*)
sean.dutton@troutman.com
227 W. Monroe Street, Suite 3900
Chicago, IL 60606-5085
Telephone:   312.759.1920
Facsimile:   312.759.1939

Charles Sensiba (admitted *pro hac vice*)
charles.sensiba@troutman.com
401 9th Street N.W., Suite 1000
Washington, D.C. 20004
Telephone:   202.274.2850
Facsimile:   202.274.2994

Andrea W. Wortzel (admitted *pro hac vice*)
andrea.wortzel@troutman.com
1001 Haxall Point, 15th Floor
Richmond, VA 23219
Telephone:   804.697.1406
Facsimile:   804.697.1339

*Attorneys for Intervenor Defendant National Hydropower Association*

**Additional Counsel listed in signature blocks**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: Clean Water Act Rulemaking | Lead Case No. 3:20-CV-04636-WHA<br><br>Related Case Nos.<br>3:20-CV-04869-WHA<br>3:20-CV-06137-WHA<br><br>**INTERVENOR DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR REMAND WITHOUT VACATUR TO THE EXTENT PLAINTIFFS REQUEST REMAND WITH VACATUR**<br><br>Hearing Date: September 9, 2021<br>Time: 8:00 AM<br>Courtroom: 12, 19th Floor<br>Judge: The Hon. William H. Alsup |

The States of Arkansas, Louisiana, Mississippi, Missouri, Montana, Texas, West Virginia, and Wyoming (collectively the "State Defendants"), American Petroleum Institute ("API"), Interstate Natural Gas Association of America ("INGAA"), and National Hydropower Association ("NHA") (collectively "intervenor defendants") respectfully submit this motion to strike plaintiffs' oppositions (Dkts. 145, 146, and 147) to the motion for remand without vacatur filed by defendant Environmental Protection Agency ("EPA"), to the extent plaintiffs request remand with vacatur in the above-captioned case.

## I.   INTRODUCTION

Intervenor defendants intervened into this action to defend the Clean Water Act Section 401 Certification Rule, 85 Fed. Reg. 42,210 (July 13, 2020) (the "Rule"), issued by EPA. Intervenor defendants do not oppose EPA's motion to remand the Rule to the agency *without vacatur*, because that relief would allow the Rule to remain in place while EPA conducts notice-and-comment rulemaking to determine whether to modify or replace the Rule. Had EPA sought to remand the Rule *with vacatur*, intervenor defendants would have opposed and sought to defend the Rule on the merits.

Plaintiffs oppose EPA's motion and have asked the Court to deny it. But they have also asked the Court to remand the Rule *with* vacatur, without receiving full briefing on the merits from EPA or intervenor defendants. Plaintiffs' vacatur request is procedurally improper and is deeply prejudicial to intervenor defendants, whose very reason for entering this case was to ensure the Rule was not vacated judicially. If plaintiffs want this Court to vacate the Rule, they must file a separate motion seeking that relief in compliance with this Court's rules and standing orders, which intervenor defendants would oppose. *See* Fed. R. Civ. P. 7(b); Civil L.R. 7-1(a); Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup at 3, ¶ 11.

Accordingly, intervenor defendants respectfully request that this Court strike plaintiffs' opposition briefs to the extent that those briefs request vacatur of the Rule. In the alternative, if this Court intends to consider plaintiffs' unmoved-for request for vacatur of any aspect of the Rule, it should permit intervenor defendants an opportunity to file opposition briefs, with

supportive declarations.

## II. BACKGROUND

Plaintiffs filed three complaints in this now consolidated action: Idaho Rivers United, American Rivers, California Trout, and American Whitewater on July 13, 2020, Dkt. 1 (amended complaint filed September 29, 2020, Dkt. 75); twenty states and the District of Columbia on October 30, Dkt. 96; and Columbia Riverkeeper, Sierra Club, Suquamish Tribe, Pyramid Lake Paiute Tribe, Orutsaramiut Native Council on November 2, Dkt. 98. Plaintiffs' complaints sought an order vacating the Rule as unlawful and enjoining the EPA from enforcing it. Dkt. 75. Intervenor defendants moved to intervene to defend the Rule on August 28, 2020, Dkt. 27 (State Defendants); and September 4, Dkts. 56 (API and INGAA), and 75 (Case No. 3:20-cv-04869-WHA) (NHA). This Court granted the motions to intervene on September 17, 2020, Dkt. 62 (State Defendants); and October 9, Dkts. 78 (API and INGAA), and 113 (Case No. 3:20-cv-04869-WHA) (NHA).

On June 18, 2021, EPA notified this Court of its intent to file a Motion to Remand *Without Vacatur*. Dkt. 141. On June 21, 2021, this Court set a briefing schedule for EPA's upcoming Motion, requiring the motion by July 1, intervenor defendants' briefs by July 15, any briefs in opposition by July 26, and EPA's reply brief by August 12. Dkt. 142. On July 1, EPA filed its Motion, seeking remand without vacatur of the Rule to the agency. Dkt. 143. Because intervenor defendants do not oppose the relief EPA seeks, they decided not to burden this Court with further briefing. On July 26, 2021, plaintiffs responded with three separate briefs in Opposition To Defendants' Motion For Remand *Without Vacatur*. Dkts. 145–47. As part of plaintiffs' claimed opposition, they requested, in one brief as their primary argument, Dkt. 147 at 2–15, and in the other two in the alternative, Dkts. 145 at 11–16, 146 at 18–23, that this Court vacate the Rule. Because this Court's briefing schedule required intervenor defendants to file their briefs before plaintiffs, intervenor defendants are unable to respond to plaintiffs' new affirmative requests for relief under this Court's briefing schedule.

## III. ARGUMENT

A. Parties seeking relief in the Northern District of California must do so via motion or

stipulation. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); Civil L.R. 7-1(a) (listing types of permissible motions and stipulations); *see also* Civil L.R. 7-2(a) (providing that all motions should "be filed, served and noticed in writing" unless "otherwise ordered or permitted by the assigned Judge"). This Court is particularly attuned to the problems caused by parties trying to obtain relief through the back door, to the point that it devoted a paragraph of its own standing order to the problem as well. Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup at 3, ¶ 11 (providing that the "title of a submission must be sufficient to alert the Court to the relief sought; for example, please do not bury a request for continuance in the body of the memorandum").

This policy is consistent throughout district courts in California. A party may not evade and nullify these requirements by "piggy-back[ing]" its requested relief through briefing opposing a motion filed by another party. *Thomasson v. GC Servs. L.P.*, No. 05cv0940-LAB (CAB), 2007 U.S. Dist. LEXIS 54693, *21 (S.D. Cal. July 13, 2007), *rev'd, in part, on other grounds*, 321 F. App'x 557 (9th Cir. 2008). Parties, in short, may not seek "affirmative relief through [their] Opposition [briefings]." *Smith v. Premiere Valet Servs.*, No. 2:19-cv-09888-CJC-MAA, 2020 U.S. Dist. LEXIS 228465, at *42 (C.D. Cal. Aug. 4, 2020); *see e.g.*, *Interworks Unlimited, Inc. v. Digital Gadgets, LLC*, No. CV 17-04983 TJX (KSx), 2019 U.S. Dist. LEXIS 167149, at *3–4 (C.D. Cal. June 11, 2019); *Max Sound Corp. v. Google LLC*, No. 5:14-cv-04412-EJD, 2018 U.S Dist. LEXIS 59335, *7–8 (N.D. Cal. Apr. 6, 2018) (rejecting stay request asserted by plaintiff in opposition papers to defendant's motion, as procedurally improper under Civil Local Rule 7-1(a)); *Largan Precision Co., Ltd. v. Fujinon Corp.*, No. C 10-1318 SBA (JL), 2011 U.S. Dist. LEXIS, at *14 (N.D. Cal. Mar. 31, 2011) ("[I]t is improper for [plaintiff], in opposition to a discovery motion, to request an Order from this Court seeking affirmative, substantive remedies."); *Winward v. Pfizer, Inc.*, Nos. C 07-0878 SBA & C 07-0879 SBA, 2007 U.S. Dist. LEXIS 82885, at *6–7 (N.D. Cal. Oct. 22, 2007) (ignoring a non-moving party's transfer request on the ground that there was "no motion before the Court actually requesting a transfer of venue"). Failure to follow this Court's rules in this respect is a basis for denying any such relief. *Smith*, 2020 U.S. Dist. LEXIS 228465, at *42–43; *Duong v. Groundhog Enters., Inc.*, No. 2:19-

cv-01333-DMG-MAA, 2020 U.S. Dist. LEXIS 76611, *37 (C.D. Cal. Feb. 28, 2020).

B. Plaintiffs' requests for vacatur of the Rule inappropriately seek affirmative relief without complying with this Court's rules and should therefore be struck.  EPA properly filed a motion seeking remand without vacatur, in compliance with this Court's rules.  In their oppositions, plaintiffs do not merely oppose EPA's request, but instead ask for new, drastic relief: vacatur of the Rule.  Dkts. 145 at 11–16, 146 at 18–23, 147 at 2–15.  Plaintiffs did not file a motion seeking this affirmative relief and did not give to intervenor defendants the mandatory notice that they would be seeking this relief.  Civil L.R. 7.1(a) & 7.2(a).  This violated this Court's rules, including under all of the authorities cited immediately above.

Plaintiffs' decision to violate this Court's rules is particularly prejudicial to intervenor defendants.  In seeking vacatur of the Rule, plaintiffs make numerous arguments throughout their oppositions that go to the legality of the Rule and the claimed need for vacatur, Dkts. 145 at 11–16, 146 at 18–23, 147 at 2–15, which intervenor defendants oppose.  Had plaintiffs complied with this Court's rules and filed a motion seeking vacatur relief, intervenor defendants would have opposed, and presented substantial authority against all of plaintiffs' assertions.  Plaintiffs may not avoid such adversarial litigation by "piggy-back[ing]" their requested relief—*which would give plaintiffs everything they have sought in this litigation without having to prove up their case*—through opposition briefing.  *Thomasson*, 2007 U.S. Dist. LEXIS 54693, *21.

Accordingly, intervenor defendants respectfully request that this Court strike plaintiffs' opposition briefs to the extent that those briefs request vacatur of the Rule.  At the minimum, if this Court intends to consider vacating the Rule in *any* respect, it should permit intervenor defendants an opportunity to file briefs, with supportive declarations, in opposition to plaintiffs' unmoved-for request for vacatur of the Rule.

## IV.  CONCLUSION

For the foregoing reasons, intervenor defendants respectfully request that this Court grant their motion to strike plaintiffs' opposition to defendant's motion for remand without vacatur, to the extent plaintiffs request remand with vacatur.

Respectfully submitted,

Dated: August 4, 2021     TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Elizabeth Holt Andrews*
Elizabeth Holt Andrews
Misha Tseytlin (admitted *pro hac vice*)
Charles Sensiba (admitted *pro hac vice*)
Andrea W. Wortzel (admitted *pro hac vice*)
Sean T.H. Dutton (admitted *pro hac vice*)

*Attorneys for Intervenor Defendant*
National Hydropower Association


JEFF LANDRY
ATTORNEY GENERAL OF LOUISIANA

By: */s/ Joseph S. St. John*
Elizabeth B. Murrill, Solicitor General
(admitted *pro hac vice*)
Joseph S. St. John, Deputy Solicitor General (admitted *pro hac vice*)
Ryan M. Seidemann, Assistant Attorney General (admitted *pro hac vice*)

*Attorneys for State Intervenor Defendants*
States of Arkansas, Louisiana, Mississippi, Missouri, Montana, Texas, West Virginia, and Wyoming


HUNTON ANDREWS KURTH LLP

By: */s/ Claire Ellis*
Clare Ellis
George P. Sibley, III
(admitted *pro hac vice*)
Deidre G. Duncan (admitted *pro hac vice*)

*Attorneys for Intervenor Defendants*
American Petroleum Institute and Interstate Natural Gas Association of America