TODD KIM
Assistant Attorney General
VANESSA R. WALDREF (D.C. Bar No. 989692)
Vanessa.R.Waldref@usdoj.gov
LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
ELISABETH H. CARTER (N.Y. Bar No. 5733274)
Elisabeth.Carter@usdoj.gov
Environmental Defense Section
Environment & Natural Resources Division
United States Department of Justice
4 Constitution Square
150 M Street, N.E.
Suite 4.1133 (Waldref)/4.149 (Hill)/4.1406 (Carter)
Washington, D. C.  20002
Telephone:   (202) 514-2741 (Waldref)
             (202) 514-0375 (Hill)
             (202) 514-0286 (Carter)
Facsimile: (202) 514-8865

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>Clean Water Act Rulemaking<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:20-cv-04636-WHA (consolidated)<br><br>**EPA'S REPLY IN SUPPORT OF MOTION FOR REMAND WITHOUT VACATUR**<br><br>Courtroom: 12, 19th Floor<br>Date: August 26, 2021<br>Time: 8:00 a.m. PDT |

Pursuant to Civil L.R. 7-2 and this Court's Order of June 21, 2021 (Dkt. No. 142), Defendants, the United States Environmental Protection Agency and Michael S. Regan, in his official capacity as the Administrator of the United States Environmental Protection Agency (collectively, "EPA"), submit this reply brief in support of their motion to remand the Clean Water Act Section 401 Certification Rule, 85 Fed. Reg. 42,210 (July 13, 2020) (the "Certification Rule" or the "Rule") to EPA without vacatur. *See* EPA's Mot. for Remand, Dkt. No. 143 ("Motion").

The Court should grant EPA's motion for remand without vacatur and decline Plaintiffs' requests for the Court to vacate the Certification Rule or set an expedited schedule for merits briefing. *See* Dkt. No. 146 ("State Plaintiffs Opp'n"); Dkt. No. 145 ("Suquamish Tribe Opp'n"); Dkt. No. 147 ("Am. Rivers Opp'n").[1] Neither vacatur of the Certification Rule nor setting a schedule for merits briefing is warranted in these circumstances. EPA is commencing a new notice-and-comment rulemaking that will allow Plaintiffs' concerns to be addressed in a thorough and transparent process that will be informed by input from all interested stakeholders. On remand, Plaintiffs are free to press forward with their arguments during the notice-and-comment period for the new rulemaking and are likewise free to challenge the new rule once it has been issued.

Conversely, further consideration of the merits in this case would waste the Court's and the parties' resources debating the substance of a rule that is subject to significant change. In addition, further merits proceedings would risk asking EPA to opine about issues that are currently the subject of a new rulemaking, potentially forcing EPA to improperly prejudge

---

[1] For brevity, where the arguments of the plaintiffs in each of the three related cases are referenced separately, EPA refers to the States of Washington, California, Connecticut, Maryland, New Mexico, Oregon, Nevada, Colorado, New York, North Carolina, New Jersey, Rhode Island, Vermont, Minnesota, Michigan, Wisconsin, Illinois, and Maine, the District of Columbia, and the Commonwealths of Virginia and Massachusetts, as the "State Plaintiffs" or "Plaintiff States." EPA refers to Plaintiffs Suquamish Tribe, Pyramid Lake Paiute Tribe, Orutsararmiut Native Council, Columbia Riverkeeper, and Sierra Club as the "Suquamish Tribe." EPA refers to Plaintiffs American Rivers, American Whitewater, California Trout, and Idaho Rivers United as "American Rivers."

substantive aspects of the rule under consideration. EPA's requested remand without vacatur is appropriate because it will enable EPA to complete its issuance of a new rule governing Section 401 certification *before* judicial review on the merits. From a practical standpoint, remand would conserve the parties' limited resources and would best serve the interest of judicial economy because EPA's new rule may resolve or moot some or all of the claims presented in this litigation. For these reasons, this Court should follow the other two district courts in which challenges to the Rule were filed, both of which have already remanded the Certification Rule to EPA without vacatur. *See S.C. Coastal Conservation League v. EPA*, No. 2:20-cv-03062-BHH, Order (D.S.C. Aug. 2, 2021) (Exhibit A to the Declaration of Leslie M. Hill); *Delaware Riverkeeper Network v. EPA*, No. 2:20-cv-03412-MMB, Memorandum re Remand and Order (E.D. Pa. Aug. 6, 2021) (Exhibit B to the Hill Decl.).

## ARGUMENT

1. **Remand without vacatur is proper because EPA has announced its intention to reconsider and revise the Certification Rule**.

Remand without vacatur is proper because EPA has announced its intention to reconsider and revise the Certification Rule. *See Notice of Intention to Reconsider and Revise the Clean Water Act Section 401 Certification Rule*, 86 Fed. Reg. 29,541 (June 2, 2021) ("Notice").[2] In *SKF USA Inc. v. United States*, the Federal Circuit described five possible positions that an agency might take when an agency action is reviewed by the courts. 254 F.3d 1022, 1027-30 (Fed. Cir. 2001) ("*SKF USA*"). Relevant here is the fourth category, in which an agency may request a voluntary remand—in advance of a ruling on the merits—without confessing error, "in order to reconsider its previous position." 254 F.3d at 1029. "It might argue, for example, that it wished to consider further the governing statute, or the procedures that were followed. It might simply state that it had doubts about the correctness of its decision or that decision's relationship

---

[2] To the extent Plaintiffs seek and this Court is inclined to grant nationwide vacatur, EPA would request the opportunity for additional briefing on the scope of the vacatur. *See California v. Texas*, 141 S. Ct. 2104, 2115 (2021) (citation omitted) (remedies "ordinarily 'operate with respect to specific parties.'").

to the agency's other policies." *Id.* In such a situation, the "reviewing court has discretion over whether to remand." *Id*. Such a "remand may be refused if the agency's request is frivolous or in bad faith," but "if the agency's concern is substantial and legitimate, a remand is usually appropriate." *Id*.

Consistent with *SKF USA*, the Ninth Circuit has recognized that "[g]enerally, courts only refuse voluntarily requested remand when the agency's request is frivolous or made in bad faith." *Cal. Communities Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012) (citing *SKF USA*, 254 F.3d at 1029); *see N. Coast Rivers All. v. United States Dep't of the Interior*, No. 11-CV-00307-LJO-MJS, 2016 WL 8673038, at *3 (E.D. Cal. Dec. 16, 2016) (noting that courts in the Ninth Circuit "generally look to the Federal Circuit's decision in *SKF USA* for guidance when reviewing requests for voluntary remand"). Such requests are normally granted as long as the agency's concern is substantial and legitimate. *SKF USA*, 254 F.3d at 1029; *accord United States v. Gonzales & Gonzales Bonds & Ins. Agency, Inc.*, No. C-09-4029 EMC, 2011 WL 3607790, at *3 (N.D. Cal. Aug. 16, 2011); *Amalgamated Transit Union, Int'l v. United States Dep't of Labor*, No. 2:20-CV-00953-KJM-DB, 2021 WL 2003104, at *2 (E.D. Cal. May 19, 2021).

Of the three Plaintiff groups, only American Rivers has suggested that EPA's request is somehow frivolous or not made in good faith, arguing that the Agency's position does not demonstrate a commitment to a changed approach because EPA's "statements of 'substantial concern' over the rule" are insufficient. Am. Rivers Opp'n at 15-16 (quoting *N. Coast Rivers All. v. United States Dep't of Interior*, No. 1:16-cv-00307-LJO-MJS, 2016 WL 11372492, at *2 (E.D. Cal. Sep. 23, 2016)). American Rivers takes issue with EPA's statement of intent to follow the rulemaking process in reconsidering the Certification Rule, arguing that "[i]f EPA were *genuinely committed* to a changed approach, it would be reasonable to expect EPA to request vacatur and provide more clarity regarding the steps it will take to address the legal errors that permeate the 2020 Rule." Am. Rivers Opp'n at 16 (emphasis added). But that position reflects a misunderstanding of administrative rulemaking. Under American Rivers' theory, there is no

scenario under which an agency could demonstrate good faith or a lack of frivolity in its request unless it were to impermissibly prejudge the outcome of its rulemaking process or fail to comply with the Administrative Procedure Act rulemaking process, 5 U.S.C. § 555, *et seq*. *See, e.g., Cal. v. Bernhardt*, 472 F. Supp. 3d 573, 590-91 (N.D. Cal. 2020) (explaining that the "notice and comment requirements likewise apply when an agency seeks to amend or repeal a rule that has previously been promulgated.").

Contrary to American Rivers' suggestion, EPA's detailed notice of its intent to reconsider the Certification Rule and the process laid out in the Goodin Declaration demonstrate both EPA's "substantial concern" regarding the Rule and its express intent to reconsider numerous topics in the Certification Rule, including every challenged aspect of the Certification Rule. EPA Motion at 2-5, 10; *see also* Dkt. No. 143-1, Declaration of John Goodin ¶¶ 9-27 ("Goodin Decl."). Further undercutting American Rivers' suggestion of bad faith is the fact that EPA is already progressing through the reconsideration process. The initial stakeholder outreach period has already concluded, and the tribal consultation period is nearing its end. *See* Goodin Decl. ¶¶ 17-18. EPA is now reviewing stakeholder and tribal input, and in September the Agency will begin drafting a proposed rule based on that review. *See id.* ¶¶ 20-21. In other words, EPA has demonstrated through action that its stated intention to review every challenged aspect of the Certification Rule is in good faith. Thus, where, as here, none of the Plaintiffs has made a showing of bad faith or lack of sufficient commitment to reconsider the Rule, the Court should defer to the administrative process underway to revise the Rule.

Suquamish Tribe Plaintiffs incorrectly assert that EPA's request falls within the fifth *SKF USA* category, i.e., a voluntary remand request associated with a change in agency policy or interpretation. Suquamish Tribe Opp'n at 6. Suquamish Tribe posits that the Agency has already changed its policies or interpretation regarding the Certification Rule. That understanding is incorrect. Instead, as the Goodin Declaration explains in detail, EPA intends to faithfully follow the APA rulemaking requirements and reconsider, without prejudging, every challenged aspect of the Rule raised by Plaintiffs in this litigation. Goodin Decl. ¶¶ 11-14.

Plaintiffs also contend that EPA's request must be resolved on the basis of a two-factor analysis that requires consideration of "how serious the agency's errors are 'and the disruptive consequences of an interim change that may itself be changed,'" referred to as the *Allied-Signal* analysis. *Cal. Communities Against Toxics*, 688 F.3d at 992 (quoting *Allied–Signal, Inc. v. United States Nuclear Regulatory Comm'n*, 988 F.2d 146, 150–51 (D.C. Cir. 1993)). This test for whether an agency action should be vacated is inapplicable here because the *Allied-Signal* analysis necessarily requires a determination on the merits. *Allied-Signal*, 988 F.2d at 150 (applying the two-factor test only after holding that the agency actions at issue "cannot be viewed as reasoned decision-making"). Consideration of the first *Allied-Signal* factor, the seriousness of an agency's errors, cannot occur here because there has been no ruling on the merits. And, for the reasons we explain above and below, proceeding to a merits ruling here would be both inappropriate and inefficient.

State Plaintiffs and American Rivers cite *ASSE International, Inc. v. Kerry*, 182 F. Supp. 3d 1059, 1064 (C.D. Cal. 2016), for the proposition that the *Allied-Signal* analysis applies to requests for remand both before and after a ruling on the merits. State Plaintiffs Opp'n at 22; Am. Rivers Opp'n at 3, 14-15. Although *ASSE International* did include such a statement, the proposition is both dicta and, in any event, incorrect. First, the statement is dicta because the *ASSE International* court was considering a motion for remand from an agency after the Ninth Circuit had already identified an error of law and sent the case back to district court. 182 F. Supp. 3d at 1062 (explaining that the Ninth Circuit had found a due process violation and remanded to the district court to make certain determinations). Second, although the *ASSE International* court relied upon *Natural Resources Defense Council, Inc. v. United States Department of Interior*, 275 F. Supp. 2d 1136, 1143 (C.D. Cal. 2002) ("*NRDC*"), for the proposition that "[c]ourts faced with a motion for voluntary remand employ 'the same equitable analysis' courts use to decide whether to vacate agency action after a 'rul[ing] on the merits,'" *ASSE Int'l,* 182 F. Supp. 3d at 1064, that proposition is a misreading of *NRDC*. In *NRDC*, an agency sought a remand to reevaluate its decision in light of a ruling from another Circuit Court

that cast doubt upon the decision. 275 F. Supp. 2d at 1141-42. The district court in *NRDC* noted that it was not ruling on the merits of the agency action, but concluded that it should apply the "test for whether to remand *an arbitrary and capricious rule*" without vacatur, i.e., the *Allied-Signal* test, in those circumstances. 275 F. Supp. 2d at 1143 (citing *Int'l Union, United Mine Workers v. Fed. Mine Safety & Health Admin.*, 920 F.2d 960, 967 (D.C. Cir. 1990)). The *ASSE International* court's conclusion that the same test applies to voluntary requests for remand before any merits determination or admission of error is misplaced.

Notably, in each of the cases cited by Plaintiffs suggesting applicability of the *Allied-Signal* analysis, there had already been a ruling on the merits, a concession by the agency that an intervening court decision cast doubt on the agency's action, or at least some basis upon which the reviewing court could identify and evaluate the agency's errors such that the court could assess the seriousness of those errors.[3] That is not the case here, so the *Allied-Signal* framework is inapplicable.

---

[3] *See Pollinator Stewardship Council v. EPA*, 806 F.3d 520, 528 (9th Cir. 2015) (considering whether to vacate after the court "cannot conclude that the unconditional registration [of the challenged pesticide] is supported by the record as a whole"); *Cal. Communities Against Toxics*, 688 F.3d at 992-93 (considering whether to vacate after finding that EPA's rules was both procedurally and substantively invalid); *ASSE Int'l, Inc. v. Kerry*, 182 F. Supp. 3d at 1063 (considering whether to vacate sanctions issued by the State Department after remand from a Ninth Circuit panel that found a due process violation); *Idaho Farm Bureau*, 58 F.3d at 1405-06 (declining to vacate the listing of a snail species as endangered after determining that the agency's action was based on a procedural error under the APA); *W. Oil & Gas Ass'n v. EPA*, 633 F.2d 803, 813 (9th Cir. 1980) (declining to vacate EPA air quality designations after finding that EPA had failed to comply with APA notice and comment procedures in issuing the designations); *N. Coast Rivers All. v. United States Dep't of the Interior*, No. 116-CV-00307-LJO-MJS, 2016 WL 8673038, at *5 (E.D. Cal. Dec. 16, 2016) (granting motion for voluntary remand where agency acknowledged that its action would not pass muster under intervening Ninth Circuit decision); *Klamath-Siskiyou Wildlands Ctr. v. Nat'l Oceanic & Atmospheric Admin. Nat'l Marine Fisheries Serv.*, 109 F. Supp. 3d 1238, 1240 (N.D. Cal. 2015) (considering whether to vacate Endangered Species Act incidental take permits that the court had already determined were issued arbitrarily and capriciously).

Indeed, EPA has presented a classic case for remand without vacatur. The administrative rulemaking process that is already underway, not judicial review, is the appropriate course for EPA to address its concerns with the Certification Rule. Courts "have recognized that '[a]dministrative reconsideration is a more expeditious and efficient means of achieving an adjustment of agency policy than is resort to the federal courts.'" *B.J. Alan Co. v. ICC*, 897 F.2d 561, 562-63 n.1 (D.C. Cir. 1990) (quoting *Commonwealth of Pennsylvania v. ICC*, 590 F.2d 1187, 1194 (D.C. Cir. 1978)). "Remand has the benefit of allowing agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete." *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018) (internal quotations omitted)). Here, EPA seeks remand because it intends to reconsider and revise the implementing regulations for state certification of federal licenses and permits that may result in any discharge into waters of the United States pursuant to section 401 of the Clean Water Act, 33 U.S.C. § 1341. To that end, EPA has commenced a new rulemaking, which will allow it to address the alleged legal and policy flaws in the Certification Rule in a comprehensive and transparent manner, with full participation by interested members of the public.

**2. Remand without vacatur, and not a merits adjudication, is procedurally appropriate and efficient.**

Granting remand and dismissal has the added benefit of conserving both the parties' and the Court's resources because it will resolve the current litigation and allow EPA to focus its limited resources on a new rule that may well address Plaintiffs' concerns, thereby preventing additional litigation. EPA has already commenced the process to promulgate a revised rule. Yet Plaintiffs ask this Court to undertake a burdensome and potentially lengthy merits consideration of a rule that will likely cease to exist in its current form by spring 2023, about one and a half years from the filing of this motion. *See* Goodin Decl. ¶ 27. Continuing with merits proceedings, as Plaintiffs request, would interfere with and undoubtedly delay EPA's new rulemaking. EPA is entitled to commence a new rulemaking to govern Section 401 certification, and the Court should defer to this process. *See Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2125

(2016) ("Agencies are free to change their existing policies as long as they provide a reasoned explanation for the change.").

Remand without vacatur would not unduly prejudice Plaintiffs, who are able to participate in the notice-and-comment opportunities provided by the new rulemaking. Nor would remand serve to deny Plaintiffs judicial review, as they are free to challenge any certification decisions issued under the current Rule, and to challenge the new rule once it has been issued. That the Rule will remain in effect while EPA revises it pursuant to the required process of the Administrative Procedure Act should not be considered "undue" prejudice. Indeed, the rulemaking requirements of the Administrative Procedure Act serve to provide stability and mitigate against the disruptive consequences of frequent changes in regulatory schemes. EPA has set forth a reasoned timeline for a proposed rule in spring 2022 and final rule in spring 2023. Goodin Decl. ¶¶ 23, 27. *Compare with* State Plaintiffs Opp'n at 2 (asserting without support that remand without vacatur would "leav[e] the Rule in place for at least an additional two years"). During the rulemaking period, EPA is committed to providing technical assistance to all stakeholders regarding interpretation and implementation of the Certification Rule and working with its federal agency partners to address implementation concerns raised by Plaintiffs. Goodin Decl. ¶¶ 29-30. In sum, because EPA is commencing a new rulemaking to address Plaintiffs' concerns with the Certification Rule, the Court should grant EPA's motion for voluntary remand without vacatur instead of potentially requiring EPA to litigate the merits of a rule that it has committed to reconsider and revise.

American Rivers and Suquamish Tribe allege they will suffer harm or undue prejudice if the Court does not vacate the Certification Rule.[4] State Plaintiffs present numerous declarations describing the alleged harm that they will suffer and even suggest that it would be appropriate to set an expedited briefing schedule if the Court does not remand the Rule.[5] Plaintiffs filed this

---

[4] Am. Rivers Opp'n at 10-15; Suquamish Tribe Opp'n at 9-11.
[5] State Plaintiffs Opp'n at 4-14 and Dkt. No. 146-1 to 146-9.

litigation in summer 2020,[6] after the final Rule was issued on July 13, 2020. 85 Fed. Reg. at 42,210. Yet, despite their protestations of alleged harm if the Rule is not quickly vacated now, Plaintiffs took no actions in 2020 to indicate that time was of the essence; in fact, their actions have prolonged the litigation. None of the Plaintiffs sought preliminary relief from the Court in 2020 to maintain the status quo. More than one year has passed; yet, now Plaintiffs suggest that allowing the Certification Rule to remain in place until EPA completes its reconsideration and promulgates a revised rule in the spring of 2023 is too long. *See* Am. Rivers Opp'n at 14 (arguing that "[v]acating the 2020 Rule would merely restore the workable status quo"). Furthermore, Plaintiffs rejected the opportunity to expedite this action by agreeing to file summary judgment briefs based on EPA's administrative record, as EPA requested. *See* Dkt. No. 84 § 17(b) (requesting a schedule that would have provided for a summary judgment hearing as early as February 11, 2021). Plaintiffs instead stalled merits briefing by demanding supplementation of the record, giving rise to a lengthy process that required EPA to review large numbers of internal communications and produce privilege logs and additional documents. Dkt. No. 84, § 17(a). Dkt. No. 115. Against that backdrop of delay, Plaintiffs' allegations that severe harm will occur during the rulemaking period, such that vacatur is the only option, are unconvincing.

## CONCLUSION

For the foregoing reasons, and for the reasons identified in EPA's motion to remand, EPA respectfully asks the Court to remand the Certification Rule without vacatur and to dismiss this case rather than requiring EPA to litigate a rule that may be substantially revised or replaced.

Respectfully submitted this 12th day of August 2021.

---

[6] *See* Dkt. No. 1 in Case No. 3:20-cv-4636 (American Rivers); Dkt. No. 1 in original Case No. 3:20-cv-04869 (State Plaintiffs); and Dkt. No. 1 in original Case No. 3:20-cv-06137 (Suquamish Tribe).

TODD KIM
Assistant Attorney General

/s *Elisabeth H. Carter*
ELISABETH H. CARTER (N.Y. Bar No. 5733274)
Elisabeth.Carter@usdoj.gov
LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
VANESSA R. WALDREF (D.C. Bar No. 989692)
Vanessa.R.Waldref@usdoj.gov
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street, N.E.
Suite 4.1133 (Waldref)/4.149 (Hill)/4.1406 (Carter)
Washington, D.C.  20002
Telephone:     (202) 514-2741 (Waldref)
               (202) 514-0375 (Hill)
               (202) 514-0286 (Carter)
Facsimile (202) 514-8865

*Attorneys for Defendants*

Of counsel:
    James Curtin
    Diane McConkey
    Alexander Mullee
    Andrea Priest
    Office of General Counsel
    U.S. Environmental Protection Agency