**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DELAWARE RIVERKEEPER NETWORK, et al.** <br><br> **v.** <br><br> **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.** | **CIVIL ACTION** <br><br><br> **NO. 20-3412** |

<u>**MEMORANDUM RE REMAND**</u>

Baylson, J.                                                                                     August 6, 2021

## I.     Introduction

In this case brought by an environmental organization against the United States Environmental Protection Agency (EPA) regarding an environmental regulation, Defendants have filed a Motion to Remand without vacatur arguing that the agency should have the opportunity to review and revise the regulation on its own.  For the reasons stated below, Defendants' Motion to Remand without vacatur will be granted.  Defendant Intervenors Motion to Strike will be denied.

## II.     Facts and Procedural History

Plaintiffs are the Delaware Riverkeeper Network (DRN), an environmental and community organization and Maya Van Rossum, the leader of DRN.  Defendants are the EPA and Michael Regan, the new EPA Administrator, who has been substituted for Andrew Wheeler as a Defendant. Plaintiffs brought this case seeking the rescission of the "Certification Rule" promulgated during the Trump Administration.  The Certification Rule concerns the process for permitting activities that may affect water quality.  This Court previously denied Defendants' Motion to Dismiss based on standing. On January 20, 2021, President Biden issued Executive Order 13,990, <u>Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis</u>. 86 Fed.

Reg. 7037 (Jan. 25, 2021).   Executive Order 13,990 stated that it is the policy of the new administration:

> to listen to the science; to improve public health and protect our environment; to ensure access to clean air and water; to limit exposure to dangerous chemicals and pesticides; to hold polluters accountable, including those who disproportionately harm communities of color and low-income communities; to reduce greenhouse gas emissions; to bolster resilience to the impacts of climate change; to restore and expand our national treasures and monuments; and to prioritize both environmental justice and the creation of the well-paying union jobs necessary to deliver on these goals.

Id. at 7037.   This Executive Order directs federal agencies to "immediately review and, as appropriate and consistent with applicable law, take action to address the promulgation of Federal regulations and other actions during the last 4 years that conflict with these important national objectives, and to immediately commence work to confront the climate crisis."   Id.   The Biden Administration has specifically stated that the Certification Rule is a regulation which it intends to review for potential revision or rescission.   In response to the Administration announcing its intentions to review the Rule, the parties agreed to hold the case in abeyance to provide the EPA more time to determine a course of action.   ECF 57, 61, 64.   At this point, the EPA has completed its initial review of the Certification Rule and determined that it will undertake a new rulemaking effort to propose revisions due to substantial concerns with the existing Rule.   The EPA expects a proposed rule detailing revisions to the Certification Rule will be published in the Federal Register in Spring 2022.   Following the public comment period on the proposed rule, EPA plans to review comments and other input, develop the final rule, and submit it to OMB for interagency review, with a final rule in Spring 2023.

Defendants filed the present Motion to Remand without vacatur on July 1, 2021 (ECF 67).   Plaintiffs responded on July 22, 2021, arguing that the Court should remand with vacatur, or in the

alternative, that the case should proceed (ECF 68).  Defendant Intervenors filed a Joint Motion to Strike on August 4, 2021, seeking to strike the Plaintiffs response to the extent it seeks remand with vacatur (ECF 70).  Defendants filed a Reply in support of their Motion (ECF 71), and Plaintiffs filed a response to Defendant Intervenors Motion to Strike on August 5, 2021 (ECF 72).

## III.  Legal Standard

An "agency may request a remand (without confessing error) in order to reconsider its previous position." SKF USA, Inc. v. United States, 254 F.3d 1022, 1029 (Fed. Cir. 2001).  "[T]he reviewing court has discretion over whether to remand." Id.  Courts "generally grant an agency's motion to remand so long as the agency intends to take further action with respect to the original agency decision on review" because it "has the benefit of allowing agencies to cure their own mistakes rather than wasting the courts' and the parties' resources." Util. Solid Waste Activities Grp. v. EPA, 901 F.3d 414, 436 (D.C. Cir. 2018).

The decision to vacate the Rule or leave it in place while the agency reconsiders its decision is also a matter within the Court's discretion.  Checkosky v. SEC, 23 F.3d 452, 465 (D.C. Cir. 1994).  The Third Circuit, as well as this Court, has cited the D.C. Circuit's Allied-Signal test when considering whether vacatur is appropriate. See Prometheus Radio Proj. v. Fed. Comm. Comm'n, 824 F.3d 33, 52 (3d Cir. 2016); Comite de Apoyo a los Trabajadores Agricolas v. Solis, 933 F. Supp. 2d 700, 713–16 (E.D. Pa. 2013).  Under that test, "[t]he decision whether to vacate depends on the seriousness of the order's deficiencies (and thus the extent of doubt whether the agency chose correctly) and the disruptive consequences of an interim change that may itself be changed." Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n, 988 F.2d 146, 150–51 (D.C. Cir. 1993).

In Allied-Signal, the D.C. Circuit found that "[a]n inadequately supported rule . . . need not necessarily be vacated." Id. at 150.  In that case, the deficiencies were the failure of the agency to

adequately state its reasoning, and thus not "serious" because the agency, on remand, might be able to easily provide the necessary explanation. Id. at 151. In addition, the consequences of an interim rule change would have been extremely disruptive as it would have required the agency to refund all the fees that had been collected under the rule at issue. Id.

In SKF USA Inc. v. United States, the D.C. Circuit reviewed five general circumstances in which an agency action is review by the Courts. 254 F.3d 1022, 1028–29 (Fed. Cir. 2001). In its discussion of the circumstance most relevant here, the D.C. Circuit stated:

> [T]he agency may request a remand because it believes that its original decision is incorrect on the merits and wishes to change the result. That is the present situation. Remand to an agency is generally appropriate to correct simple errors, such as clerical errors, transcription errors, or erroneous calculations. The more complex question, however, involves a voluntary remand request associated with a change in agency policy or interpretation. If there is a step one Chevron issue - that is, an issue as to whether the agency is either compelled or forbidden by the governing statute to reach a different result - a reviewing court again has considerable discretion. It may decide the statutory issue, or it may order a remand. For example, in Steele v. FCC, No. 84-1176 (D.C. Cir. Oct. 31, 1985) (en banc), as described in Lamprecht v. FCC, 294 U.S. App. D.C. 164, 958 F.2d 382, 385 (D.C. Cir. 1992), the Court of Appeals for the District of Columbia Circuit granted the FCC's motion to remand when the FCC admitted that its decision was contrary to the Communications Act and the Constitution. Although a court need not necessarily grant such a remand request, remand may conserve judicial resources, or the agency's views on the statutory question, though not dispositive, may be useful to the reviewing court.
>
> Where there is no step one Chevron issue, we believe a remand to the agency is required, absent the most unusual circumstances verging on bad faith. Under Chevron, agencies are entitled to formulate policy and make rules "to fill any gap left, implicitly or explicitly, by Congress." Chevron, 467 U.S. at 843 (quoting Morton v. Ruiz, 415 U.S. 199, 231 (1974)). Furthermore, an agency must be allowed to assess "the wisdom of its policy on a continuing basis." Id. at 864. Under the Chevron regime, agency discretion to reconsider policies does not end once the agency action is appealed. See Auer v. Robbins, 519 U.S. 452, 462-63 (1997) (deferring to agency's interpretation of its own regulation advanced in litigation).

Id. at 1029 (citations omitted).

## IV.    Parties' Arguments

The EPA argues first that remand without vacatur is appropriate because the EPA has publicly announced its intention to reconsider and revise the Rule. It argues that where there is no showing of bad faith, the Court should allow the agency to revise the Rule on its own, relying on SKF USA. It also argues that remand without vacatur conserves the parties and the Court's resources by resolving the current litigation and would not prejudice Plaintiffs who will have the opportunity to participate in the rule making process. It argues that allowing the Rule to remain in place in the process is not undue prejudice to Plaintiffs because going through the rulemaking process is the best way to promote stability under the APA. The EPA states it is committed to providing assistance to stakeholders and working with agency partners to address Plaintiff's concerns in the interim.

Plaintiffs seek remand with vacatur, or in the alternative, for the case to proceed on the merits. Plaintiffs argue that vacatur is appropriate because the Rule has serious deficiencies and would not be disruptive. Plaintiffs also argue that they would be prejudiced by allowing the Rule to remain in place because they will have to continue to suffer the harms alleged under the Rule for at least two years for the new Final Rule is promulgated. They contend that Defendants cannot argue that the harms are too speculative, as this Court struck down such arguments in its opinion on standing.

## V.    Discussion

To begin, the Court finds that remand to the EPA is appropriate here, where the agency has indicated its clear intent to revise the Rule on its own. It would not serve interests of judicial

economy to continue a case regarding a Rule that will likely no longer be law once the agency makes its revisions. Thus, the key question here is whether vacatur of the Rule is appropriate.

The discussion of remand in <u>SKF USA</u> is most relevant here, as it discusses a situation in which the agency seeks to revise a decision based on its belief that the substance of its prior decision was incorrect, as opposed to a procedural or clerical issue. <u>SKF USA</u> does not concern a Rule but the calculation of a tax by the Department of Commerce. Therefore, the opinion does not discuss vacatur specifically. However, under the principles described by the D.C. Circuit in this case, allowing the agency to use its discretion to revise the Rule here would be appropriate.

This case is somewhat distinct from the other cases which discuss vacatur specifically. In <u>Comite de Apoyo a los Trabajadores Agricolas v. Solis</u>, the Court laid out the usual circumstances in which remand is sought:

> The practical effect of remand without vacatur is that an invalid rule remains in place while an agency works to correct its errors. This approach is often sensible where an agency promulgates a substantively valid rule through an invalid process and the agency will likely promulgate the same rule through a proper process on remand. Nonetheless, remand without vacatur is far less logical where, as here, a court finds that a rule directly contradicts an agency's authority and the agency expresses no intention of timely correcting its error. In such circumstances, to leave an invalid rule in place is for a reviewing court to legally sanction an agency's disregard of its statutory or regulatory mandate.

933 F. Supp. 2d 700, 714 (E.D. Pa 2013) (Davis, J.). The present situation does not fit into either of these circumstances. The Rule is not being remanded based on an invalid process, and it has also not been found to be invalid at this stage in the case. The parties have also not pointed to other specific consequences of vacatur. As the Court has not yet, and will not, make a finding on the substantive validity of the Certification Rule, the principles discussed in <u>SKF-USA</u> support a remand without vacatur.

## VI.     Motion to Strike

There are several intervenors in this case: the States of Arkansas, Louisiana, Mississippi, Missouri, Montana, Texas, West Virginia, and Wyoming, American Petroleum Institute, Interstate Natural Gas Association of America, and National Hydropower Association.  The intervenors have filed a collective Motion to Strike the Plaintiffs' Response to the extent that Plaintiffs request remand with vacatur.

Intervenor Defendants argue that Plaintiffs request that the Court remand without vacatur is procedurally improper because it seeks affirmative relief through a response, as opposed to filing a Motion as required.  Intervenor Defendants argue that by filing a response seeking affirmative relief and making arguments which go to the validity of the Rule, they have deprived the Intervenor Defendants of the opportunity to oppose their Motion and make arguments in response.  Plaintiffs argue that their response does not seek affirmative relief and is an appropriate response to the Motion by Defendants.  Plaintiffs also point out that the Intervenor Defendants were aware of Plaintiffs intention to oppose Defendants' Motion for Remand without vacatur and had the opportunity to file a brief in support.

The Court will deny Defendant Intervenors Motion to Strike because they had the opportunity to present arguments in support of Defendants Motion and/or in opposition to Plaintiffs and chose not to.  There is no basis for striking Plaintiffs' Response.

## VII.   Conclusion

For the reasons stated above, the EPA's Motion to Remand without vacatur is granted. Defendant Intervenors Motion to Strike is denied.  An appropriate Order follows.

O:\CIVIL 20\20-3412 Del Riverkeeper v EPA\20cv3412 Memorandum Re Remand.docx

/

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DELAWARE RIVERKEEPER NETWORK, et al.**<br><br> **v.**<br><br> **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.** | **CIVIL ACTION**<br><br>**NO. 20-3412** |

## <u>ORDER RE REMAND</u>

**AND NOW**, this 6th day of August, 2021, upon consideration of Defendants Environmental Protection Agency and Michael Regan's Motion for Remand without vacatur (ECF 67), Plaintiffs Delaware Riverkeeper Network and Maya Van Rossum's Response (ECF 68), Defendants Reply (ECF 71), Defendant Intervenors Motion to Strike (ECF 70), and Plaintiffs Response (ECF 72), for the reasons stated in the foregoing memorandum, it is hereby **ORDERED** that:

1. Defendants Motion for Remand without vacatur is **GRANTED**.

2. For the benefit of all who rely on the Delaware River for business, recreation, and public health, the EPA shall expedite the resolution of this process so that any new rule will become effective as soon as possible.

3. Defendant Intervenors Motion to Strike is **DENIED**.

**BY THE COURT:**

**/s/ MICHAEL M. BAYLSON**

_____

**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 20\20-3412 Del Riverkeeper v EPA\20cv3412 Order re Remand.docx