1 ROB BONTA
Attorney General of California
2 SARAH E. MORRISON
ERIC KATZ
3 Supervising Deputy Attorneys General
CATHERINE M. WIEMAN, SBN 222384
4 TATIANA K. GAUR, SBN 246227
ADAM L. LEVITAN, SBN 280226
5 BRYANT B. CANNON, SBN 284496
LANI M. MAHER, SBN 318637
6 Deputy Attorneys General
 300 South Spring Street, Suite 1702
7  Los Angeles, CA 90013
 Telephone: (213) 269-6329
8 Fax: (916) 731-2128
 E-mail: Tatiana.Gaur@doj.ca.gov
9 *Attorneys for Plaintiff State of California, by
and through Attorney General Rob Bonta and
the State Water Resources Control Board*

ROBERT W. FERGUSON
Attorney General of Washington
KELLY T. WOOD (*admitted pro hac vice*)
GABRIELLE GURIAN (*admitted pro hac vice*)
Assistant Attorneys General
Washington Office of the Attorney General
Ecology Division
 2425 Bristol Court SW
 Olympia, Washington 98501
 Telephone: (360) 586-5109
 E-mail: Kelly.Wood@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

*[Additional Plaintiffs and Counsel Listed on
Signature Pages]*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>Clean Water Act Rulemaking | CASE NO. 20-cv- 04636-WHA<br>(lead consolidated)<br>Applies to all actions<br><br>**PLAINTIFFS' RESPONSE TO INTERVENOR-DEFENDANTS' MOTION TO STRIKE** |

All Plaintiffs in this consolidated case hereby submit the following joint response to Intervenors' motion to strike portions of ECF Nos. 145, 146, and 147.

## I.    INTRODUCTION

Plaintiffs commenced these consolidated lawsuits to seek vacatur of EPA's "Clean Water Act Section 401 Certification Rule." Following a change in Presidential administrations, EPA announced its intent to "reconsider and revise" the 2020 Rule in light of "substantial concerns" with its legality and sought remand of the 2020 Rule without vacatur—leaving the

rule in place for the two years it estimates revision will take. Because of the substantial prejudice that would occur if the 2020 Rule were left in place until at least 2023, all Plaintiffs opposed EPA's motion for remand without vacatur. Now, after waiting nine days since Plaintiffs filed responses in opposition to EPA's motion to remand, and after failing to take any position on EPA's motion, Intervenors seek to strike portions of Plaintiffs' opposition briefs as beyond the scope of EPA's motion.

Intervenors' motion to strike is meritless. Inherent in an agency's request for remand is the question of whether remand should be with or without vacatur. In fact, EPA's request for remand without vacatur in this case is an exceptional one that bucks the default rule that agency actions are to be vacated while the agency works to fix admitted errors on remand. While Plaintiffs urge the Court to deny EPA's motion for remand outright and allow the parties to proceed to the merits, Plaintiffs' responsive briefing also points out that, to the extent the Court is inclined to grant EPA's request for remand, the Court is well within its authority in this case to do so *with* vacatur.[1] That request—based on EPA's own statements submitted with its motion—does not violate any court rule or rule of Federal Civil Procedure and is commonplace within the context of agency motions for remand. Intervenors' motion to strike that argument is an unnecessary distraction and should be denied or rendered moot by declining to grant EPA's request for remand.

## II.    ARGUMENT

As noted above, EPA requests remand of the 2020 Rule without vacatur and provides arguments as to why it believes such relief is appropriate. All Plaintiffs oppose EPA's remand motion. State and Tribal Plaintiffs, along with Plaintiffs Sierra Club and Columbia

---

[1] Plaintiffs States and Plaintiffs Suquamish Tribe, Pyramid Lake Paiute Tribe, Orutsararmiut Native Council, Columbia Riverkeeper, and Sierra Club have argued for vacatur as an alternative to their primary argument that the Court should deny remand and should instead order a briefing on the merits of the 2020 Rule. ECF No. 145 at 5–11; ECF No. 146 at 3–21. Plaintiffs American Rivers, American Whitewater, California Trout, and Idaho Rivers United also argued against remand as an alternative to their request that the Court vacate the 2020 Rule. ECF No. 147 at 15–18.

Riverkeeper, primarily argue that remand in this case is inappropriate due to the substantial harms, both environmental and fiscal, that will occur during the 2-year span it will take EPA to revise the 2020 Rule—as well as the fact that piecemeal litigation of the 2020 Rule is the antithesis of judicial economy. *See, generally* ECF Nos. 145, 146, and 147. All Plaintiffs also argue that, to the extent the Court is inclined to grant EPA's motion for remand, the Court is authorized under the circumstances of this case to exercise its equitable discretion to remand the 2020 Rule *with* vacatur. *Id*. Specifically, Plaintiffs aver that vacatur is warranted, even in the absence of a ruling on the merits, because EPA has effectively conceded significant deficiencies in the 2020 Rule, has indicated it will not readopt the Rule as-is, and any disruptive consequences from vacating the Rule on remand will be outweighed by the significant and potentially irreversible harms from maintaining the Rule while EPA works to revise it.

There is nothing unusual about Plaintiffs' argument. When an agency moves for voluntary remand of a regulation, the question of whether remand should be made with or without vacatur is *necessarily* raised. And, indeed, Plaintiffs' response brief cites multiple cases where courts have evaluated, in the context of an agency request for voluntary remand, whether remand with vacatur was appropriate based on an agency's own admission of error. In some cases cited, the agency requested remand with vacatur while opposing parties sought to keep the challenged action in place. *E.g. Ctr. for Native Ecosystems v. Salazar*, 795 F. Supp. 2d 1236 (D. Col. 2011); *Nat. Res. Def. Council, Inc. v. U.S. Dep't of Interior*, 275 F. Supp. 2d 1136 (C.D. Cal. 2002). In other cases, and as in this case, the reverse was true, with the agency seeking remand without vacatur and opposing parties seeking to vacate the rule on remand. *E.g. ASSE Int'l Inc. v. Kerry*, 182 F. Supp. 3d 1059 (C.D. Cal. 2016); *N. Coast Rivers All.*, 1:16-cv-00307-LJO-MJS, 2016 WL 8673038 (E.D. Cal. Dec. 16, 2016).

In *none* of these cases did the court suggest that where the agency and the parties disagreed on whether vacatur was appropriate, a cross-motion was required rather than simply briefing whether to grant a motion for remand in the first instance and, if so, whether to vacate

1    or not vacate the remanded rule. *See, e.g., ASSE Int'l Inc.*, 182 F. Supp. 3d at 1062–63 (party

2    did not object to remand, but "urge[d] the Court to formally vacate" challenged decision); *N.*

3    *Coast Rivers All.*, 2016 WL 8673038, at *1 (party opposed voluntary remand and requested

4    vacatur "in the alternative"); *Ctr. for Native Ecosystems*, 795 F. Supp. 2d at 1238, 1240 (Court

5    granted agency's motion for remand and proceeded to separately consider its "request for

6    vacatur"). Instead, these cases indicate that when an agency moves for remand and a party

7    objects, the Court must necessarily consider whether remand should be made with or without

8    vacatur. *Cf. Am. Forest Res. Council v. Ashe*, 946 F. Supp. 2d 1, 42–43 (D.D.C. 2013) (noting

9    that the court need not consider whether remand with vacatur was appropriate because agency

10   did not request it and "neither [plaintiff] nor intervenors argue that any remand should be with

11   vacatur").

12        After failing to respond in any way to EPA's remand motion and waiting well over a

13   week after Plaintiffs filed their responsive briefs, Intervenors take issue with this established

14   paradigm and move to strike those portions of Plaintiffs' briefs asserting that remand (if any)

15   should be with vacatur. ECF No. 148 at 2. Intervenors' motion is based on Fed. R. Civ. P.

16   7(b)(1) and Civil Local Rules 7-1(a) and 7-2(a). These rules generally require that affirmative

17   requests for a court order should be made by motion and in writing. *See id*. But nothing in these

18   Rules supports Intervenors' suggestion that a party opposing a motion for remand without

19   vacatur must cross-move to argue that remand, if any, should be accompanied *with* vacatur.

20        First, the rules cited by Intervenors do not require Plaintiffs' alternative argument be

21   made via a separate motion because the question of whether remand should be with or without

22   vacatur is not a separate request for affirmative relief untethered from the original motion.

23   Rather, the issue of whether vacatur is required is inherent in, and inextricably linked to, an

24   agency's request for voluntary remand and any court decision to grant that request. By

25   necessity, if remand is granted it must be either with or without vacatur. Thus, and as illustrated

26   by the case law cited above, such arguments are a normal part of remand motions practice. *See,*

1    *e.g.*, *ASSE Int'l*, 182 F. Supp. 3d at 1064; *N. Coast Rivers All. v. U.S. Dep't of the Interior*,

2    2016 WL 8673038, *2; *All. for the Wild Rockies v. Marten*, No. CV 17-21-M-DLC, 2018 WL

3    2943251, *4 (D. Mont. June 12, 2018). Plaintiffs' request for vacatur is thus well within the

4    scope of relief available for EPA's remand motion.

5         Second, cases cited by Intervenors are inapposite. Motions to strike, requests for stays

6    or to transfer venue, and stealthy motions to dismiss buried in briefing on discovery disputes

7    and other unrelated proceedings cannot seriously be compared to this case. EPA has asked for

8    a court order remanding the 2020 Rule, without reaching the merits and without vacatur.

9    Plaintiffs have merely pointed out that, if the Court believes remand is appropriate, the

10   circumstances of this case permit the Court to grant the relief EPA seeks (i.e., to revise the

11   Rule while avoiding adjudication of its merits) but to do so *with* vacatur. Had Plaintiffs'

12   responsive pleadings sought some form of relief untethered from the relief available under

13   EPA's remand motion—a preliminary injunction or a declaratory ruling on the merits or even

14   summary judgment—such affirmative relief *of course* would be improper unless brought by

15   separate motion. But, that is not the situation here. Intervenors cannot credibly claim that an

16   argument for vacatur, responding to a motion for remand *without* vacatur and based on nothing

17   more than EPA's own admission of error (in a declaration attached to EPA's original motion

18   to remand no less), is the same as if Plaintiffs had requested full adjudication on the merits in

19   a responsive pleading.

20        Notably, Intervenors make no attempt to distinguish or even acknowledge the case

21   closest on point, *North Coast Rivers Alliance v. Department of the Interior*, even though State

22   Plaintiffs cited that case as supporting the Court's consideration of whether to vacate the 2020

23   Rule in the context of EPA's motion for remand. *See* ECF No. 136, at 18 n.6. In that case, the

24   federal defendants sought voluntary remand of challenged NEPA determinations without

25   vacatur. *N. Coast Rivers All.*, 2016 WL 8673038, at *2, *6. Although the plaintiffs sought

26   vacatur in their opposition to the remand motion without filing a formal cross-motion, the

Court reviewed the pleadings in the case and concluded that because the plaintiffs had sought vacatur in their complaint, it was "appropriate to consider Defendants' request for remand without vacatur . . . together with Plaintiffs' arguments in favor of vacating" those decisions. *Id.* at *8. Plaintiffs' complaints in this case similarly and explicitly sought vacatur of the 2020 Rule, and it is therefore appropriate for Plaintiffs to argue in favor of vacatur in opposing EPA's motion for remand without vacatur.[2]

Finally, there is no prejudice to Intervenors. EPA fully addressed Plaintiffs' argument in its reply brief (without moving to strike it). *See* ECF No. 153. And, as specifically provided in the Court's Order setting forth the briefing schedule for EPA's remand motion, Intervenors (with full access to the same case law as Plaintiffs) had the option to file a brief and argue that EPA's own statements regarding the 2020 Rule's flaws do not rise to the level that makes remand with vacatur warranted. *See* ECF No. 142. Intervenors made the decision not to respond at all, and their motion to strike is seeks to compensate for that mistake. The Court should deny that effort.

## III.    CONCLUSION

For the reasons set out above, Plaintiffs respectfully request that Intervenors' motion be denied.

Dated: August 13, 2021                    Respectfully submitted on behalf of Plaintiffs,


/s/ Kelly T. Wood
KELLY T. WOOD
Managing Assistant Attorney General
(Admitted *pro hac vice*)
GABRIELLE GURIAN
Assistant Attorney General
(Admitted *pro hac vice*)

---

[2] For that same reason, Intervenors' assertion that they could not anticipate Plaintiffs would argue in favor of vacating the 2020 Rule defies belief. Plaintiffs commenced this lawsuit for the express purpose of *obtaining* vacatur of the 2020 Rule, *see, e.g.,* States' Complaint at 27, and made clear to EPA and Intervenors that they opposed EPA's motion for remand without vacatur. *See* ECF No. 143 at 1. Intervenors failed weigh in on EPA's motion and cannot now claim that they have somehow been deprived of their day in Court.

Washington Office of the Attorney General
PO Box 40117
Olympia, Washington  98504-0117
Telephone:  (360) 586-5109
E-mail:  Kelly.Wood@atg.wa.gov

/s/ Tatiana K. Gaur
TATIANA K. GAUR
ADAM LEVITAN
Deputy Attorneys General
California Office of the Attorney General
300 South Spring Street, Suite 1702
Los Angeles, California  90013
Telephone (213) 269-6329
E-mail:  Tatiana.Gaur@doj.ca.gov

/s/ Brian Lusignan
BRIAN LUSIGNAN
Assistant Attorney General
New York State Office of the Attorney General
Environmental Protection Bureau
The Capitol
Albany, New York  12224
Telephone:  (518) 776-2399
E-Mail:  Brian.Lusignan@ag.ny.gov

*For Plaintiff States of Washington, California, State Water Resources Control Board, New York, Oregon, Maryland, Rhode Island, Colorado, New Jersey, District of Columbia, North Carolina, New Mexico, Vermont, Minnesota, Connecticut, Michigan, Nevada, Wisconsin, Maine, Illinois, Commonwealths of Virginia and Massachusetts.*

/s/ Andrew Hawley
Andrew Hawley (CA Bar No. 229274)
Western Environmental Law Center
1402 3rd Avenue, Ste. 1022
Seattle, Washington 98101
hawley@westernlaw.org
tel: 206-487-7250

Jason R. Flanders (CA Bar No. 238007)
Aqua Terra Aeris Law Group
4030 Martin Luther King Jr. Way
Oakland, California 94609
jrf@atalawgroup.com
tel: 916-202-3018

Peter M. K. Frost, *appearance pro hac vice*
Sangye Ince-Johannsen, *appearance pro hac vice*
Western Environmental Law Center

---

PLAINTIFFS' JOINT RESPONSE TO MOTION TO STRIKE (Case No. 4:20-cv-04636-WHA)

1    120 Shelton McMurphey Boulevard, Ste. 340
     Eugene, Oregon 97401
2    frost@westernlaw.org
     sangyeij@westernlaw.org
3    tel: 541-359-3238 / 541-778-6626

4    *Attorneys for Plaintiffs American Rivers,*
     *American Whitewater, California Trout, Idaho Rivers United*
5

6
     /s/ *Kristen L. Boyles*
7    KRISTEN L. BOYLES (CA Bar #158450)
     Earthjustice
8    810 Third Avenue, Suite 610
     Seattle, WA  98104
9    (206) 343-7340
     kboyles@earthjustice.org
10
     MONEEN NASMITH (NY Bar # 4427704)
11   *[Admitted Pro Hac Vice]*
     Earthjustice
12   48 Wall Street, 15th Floor
     New York, NY 10005
13   (212) 845-7384
     mnasmith@earthjustice.org
14
     GUSSIE LORD (DC Bar # 1009826)
15   *[Admitted Pro Hac Vice]*
     Earthjustice
16   633 17th Street, Suite 1600
     Denver, CO 80202
17   (720) 402-3764
     glord@earthjustice.org
18
     THOMAS S. WALDO (AK Bar # 9007047)
19   *[Admitted Pro Hac Vice]*

20   OLIVIA GLASSCOCK (AK Bar # 1809072)
     *[Admitted Pro Hac Vice]*
21   Earthjustice
     325 4th Street
22   Juneau, AK 99801
     (907) 500-7123 / (907) 500-7134
23   twaldo@earthjustice.org
     oglasscock@earthjustice.org
24
     *Attorneys for Plaintiffs Suquamish Tribe, Pyramid Lake Paiute Tribe, Orutsararmiut*
25   *Native Council, Columbia Riverkeeper, and Sierra Club*

26

---

PLAINTIFFS' JOINT RESPONSE TO MOTION TO STRIKE (Case No. 4:20-cv-04636-WHA)

NATHAN MATTHEWS (CA Bar #264248)
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5695
nathan.matthews@sierraclub.org

*Local Counsel and Attorney for Sierra Club*

1

## SIGNATURE ATTESTATION

2          Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this

3  document has been obtained from each of the other signatories.

4

5          Dated:  August 13, 2021          /s/ Kelly T. Wood          
                                            Kelly T. Wood
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' JOINT RESPONSE TO MOTION TO STRIKE (Case No. 4:20-cv-04636-WHA)