**TROUTMAN PEPPER HAMILTON SANDERS LLP**

Elizabeth Holt Andrews (SBN 263206)
elizabeth.andrews@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, California 94111-4057
Telephone:   415.477.5700
Facsimile:   415.477.5710

Misha Tseytlin (admitted *pro hac vice*)
misha.tseytlin@troutman.com
Sean T.H. Dutton (admitted *pro hac vice*)
sean.dutton@troutman.com
227 W. Monroe Street, Suite 3900
Chicago, IL 60606-5085
Telephone:   312.759.1920
Facsimile:   312.759.1939

Charles Sensiba (admitted *pro hac vice*)
charles.sensiba@troutman.com
401 9th Street N.W., Suite 1000
Washington, D.C. 20004
Telephone:   202.274.2850
Facsimile:   202.274.2994

Andrea W. Wortzel (admitted *pro hac vice*)
andrea.wortzel@troutman.com
1001 Haxall Point, 15th Floor
Richmond, VA 23219
Telephone:   804.697.1406
Facsimile:   804.697.1339

*Attorneys for Intervenor Defendant
National Hydropower Association*

**Additional Counsel listed in signature blocks**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: Clean Water Act Rulemaking | Lead Case No. 3:20-CV-04636-WHA<br><br>Related Case Nos.<br>3:20-CV-04869-WHA<br>3:20-CV-06137-WHA<br><br>**INTERVENOR DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE**<br><br>Hearing Date: August 26, 2021<br>Time: 12:00 PM<br>Courtroom: AT&T Conference Line<br>Judge: The Hon. William H. Alsup |

The States of Arkansas, Louisiana, Mississippi, Missouri, Montana, Texas, West Virginia, and Wyoming (collectively the "State Defendants"), American Petroleum Institute ("API"), Interstate Natural Gas Association of America ("INGAA"), and National Hydropower Association ("NHA") (collectively "intervenor defendants") respectfully submit this reply in support of their motion to strike plaintiffs' oppositions, Dkts. 145, 146, and 147, to the extent that plaintiffs request an unmoved-for remand with vacatur in the above-captioned case.

As intervenor defendants explained in their motion to strike, under this Court's rules and practices, if a party seeks relief from this Court—such as vacatur of a rule adopted through notice-and-comment rulemaking—that party must file a motion asking for such relief. *See* Dkt. 148 at 3–5. EPA here properly filed a motion for remand without vacatur. Intervenor defendants do not oppose the relief that EPA sought, and thus had no reason to file a responsive brief by the Court-ordered deadline. *See* Dkt. 148 at 3. Plaintiffs thereafter filed an opposition, but did not limit themselves to arguing that this Court should proceed with this case. Instead, they improperly asked this Court to give them all of the relief that they sought in this case by vacating the Rule, with some plaintiffs making this their lead argument. *See* Dkt. 148 at 3.

In their opposition to the motion to strike, plaintiffs take the remarkable position that intervenor defendants should have anticipated that plaintiffs would seek an unmoved-for vacatur in plaintiffs' upcoming opposition to EPA's motion for remand without vacatur, and then *preemptively* defended the legality of the Rule in response to EPA's motion, before ever seeing plaintiffs' opposition. *See* Dkt. 154 at 4–6 & n.2. That makes no sense. Intervenor defendants had no reason to mount a legal defense of the Rule because they had no objection to the relief that EPA requested. *See* Dkt. 143. Contrary to plaintiffs' claim, Dkt. 154 at 5, intervenor defendants could not have guessed that plaintiffs would implausibly seize upon EPA's statement that it "will undertake a new rulemaking effort to propose revisions due to substantial concerns with the existing Rule," Dkt. 143 at 2, *see* 7–8, essentially to claim that EPA violated the American Procedure Act ("APA") by conceding the illegality of the Rule in discussing a *proposed* rulemaking, during which the agency must consider all relevant issues with an open mind, *see Rural Cellular Ass'n v. F.C.C.*, 588 F.3d 1095, 1101 (D.C. Cir. 2009) ("The opportunity for

comment must be a meaningful opportunity, and we have held that in order to satisfy this requirement, an agency must also remain sufficiently open-minded." (citation omitted)); *accord State of Cal. v. Bureau of Land Management*, 286 F.Supp.3d 1054, 1071 (N.D. Cal. 2018).

If plaintiffs want this Court to vacate the Rule as part of a remand—which would require, at the absolute minimum, consideration of the "seriousness" of the Rule's claimed "deficiencies," *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Commission*, 988 F.2d 146, 150 (D.C. Cir. 1993), as well as the "disruptive consequences" of vacatur, *id.*; *accord* Dkt. 146 at 18–19 & n.7 (plaintiffs relying upon *Allied-Signal*); Dkt. 147 at 3–4 (same)—there are proper avenues for them to ask for this relief. Most obviously, plaintiffs could file a motion for remand with vacatur and make arguments as to the claimed legal deficiencies in the Rule. Then intervenor defendants could oppose those arguments in an orderly process. Alternatively, if this Court decides to, in plaintiffs' words, "deny EPA's motion for remand outright and allow the parties to proceed to the merits," Dkt. 154 at 2, plaintiffs could file a motion for summary judgment making those same merits arguments against the Rule, and intervenor defendants could oppose those arguments as well. But here, plaintiffs have asked this Court to deprive intervenor defendants of their right to defend the Rule from vacatur, *without this Court ever receiving adversarial briefing on whether there is any basis in law to vacate the Rule*. Although EPA did file a reply brief in support of its motion for remand without vacatur, as plaintiffs note, Dkt. 154 at 6, given that EPA is in the middle of its rulemaking process, EPA did not say anything as to the Rule's merits because such "issues [ ] are currently the subject of new rulemaking," Dkt. 153 at 1.

Rather than citing any rule, local practice, or decision of this Court permitting them to ask for vacatur of a rule without filing a motion, plaintiffs argue that this Court's rules against seeking relief through opposition briefs are subject to an exception for unmoved-for relief "[]tethered from the original motion." Dkt. 154 at 4. There is, of course, no such exception in this Court's rules and plaintiffs do not point to any authority indicating that type of exception exists.

Plaintiffs seek to change the subject to certain decisions from other courts, but those cases do not support plaintiffs' efforts to obtain vacatur of a rule adopted through notice-and-comment rulemaking without adversarial briefing on the Rule's legality. *See* Dkt. 154 at 3–5. None of the

cases that plaintiffs cite deprived a party opposing vacatur of the opportunity to brief the underlying merits of the rule, over that party's objection.  Plaintiffs' lead authority—*North Coast Rivers Alliance v. U.S. Department of the Interior*, No. 1:16-cv-00307-LJO-MJS, 2016 U.S. Dist. LEXIS 174481 (E.D. Cal. Dec. 16, 2016)—illustrates the point.  There, a coalition of environmental organizations alleged that a federal agency had issued a deficient environmental assessment connected to the approval of certain interim contracts.  *Id.* at *1–2.  Westlands Water District ("Westlands"), a party to one of the contracts at issue, intervened to defend its contract. *Id.* at *3 & n.2.  The agency moved for voluntary remand without vacatur, and the environmental organizations opposed through a "parallel request to vacate both the [environmental assessment] and the interim Contracts."  *Id.* at *16.  The district court then specifically ordered supplemental briefing on "the question of vacatur," including "the seriousness of an agency's errors."  2016 U.S. Dist. LEXIS 130781, at *9–10 (E.D. Cal. Sept. 23, 2016).  The other cases that plaintiffs rely upon that involved intervenors in support of the agency's underlying action similarly permitted intervening parties the opportunity to present briefing on the vacatur issue *after* another party made a vacatur request.  *See Ctr. for Native Ecosystems v. Salazar*, 795 F. Supp. 2d 1236, 1240 (D. Colo. 2011) (federal agency filed a motion seeking remand *with vacatur*, which intervenor defendants then opposed); *Nat. Res. Def. Council, Inc. v. U.S. Dep't of Interior*, 275 F. Supp. 2d 1136, 1137–38 & n.27 (C.D. Cal. 2002) (intervenor defendants filed supplemental briefing on the parties' motions for remand and, separately, for vacatur, while supporting vacatur).

Unlike in *North Coast Rivers Alliance*, plaintiffs' circumvention of this Court's rules would leave intervenor defendants without any opportunity to defend the Rule.  Intervenor defendants thus respectfully request that this Court strike plaintiffs' opposition to the extent it asks for vacatur of any aspect of the Rule.  Alternatively, if this Court does decide to consider vacating the Rule without any motion from plaintiffs, intervenor defendants respectfully ask that this Court provide them with the opportunity to file supplemental briefing to respond to plaintiffs' unmoved-for vacatur request, giving intervenor defendants here the same opportunity as the intervenor defendants received in plaintiffs' lead authority, *North Coast Rivers Alliance*.

|   |   |
|---|---|
| Respectfully submitted, | |
| Dated: August 19, 2021 | TROUTMAN PEPPER HAMILTON SANDERS LLP |

By: */s/ Elizabeth Holt Andrews*
Elizabeth Holt Andrews*
Misha Tseytlin (admitted *pro hac vice*)
Charles Sensiba (admitted *pro hac vice*)
Andrea W. Wortzel (admitted *pro hac vice*)
Sean T.H. Dutton (admitted *pro hac vice*)

*Attorneys for Intervenor Defendant*
National Hydropower Association


JEFF LANDRY
ATTORNEY GENERAL OF LOUISIANA

By: */s/ Joseph S. St. John*
Elizabeth B. Murrill, Solicitor General
(admitted *pro hac vice*)
Joseph S. St. John, Deputy Solicitor
General (admitted *pro hac vice*)
Ryan M. Seidemann, Assistant Attorney
General (admitted *pro hac vice*)

*Attorneys for State Intervenor Defendants*
States of Arkansas, Louisiana, Mississippi, Missouri, Montana, Texas, West Virginia, and Wyoming


HUNTON ANDREWS KURTH LLP

By: */s/ George P. Sibley, III*
Clare Ellis
George P. Sibley, III
(admitted *pro hac vice*)
Deidre G. Duncan (admitted *pro hac vice*)

*Attorneys for Intervenor Defendants*
American Petroleum Institute and
Interstate Natural Gas Association of America

* Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of the document has been obtained from each of the other Signatories.  */s/ Elizabeth Holt Andrews*