# EXHIBIT 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CLEAN WATER ACT RULEMAKING. | No. 3:20-cv-4636-WHA<br><br>**CONSOLIDATED**<br>**(APPLIES TO ALL ACTIONS)**<br><br>**DECLARATION OF DAVID M.S. DEWHIRST** |

1. I am the Solicitor General of Montana. This declaration is based on my personal knowledge and experience, and I could competently testify to its contents if called to do so.

2. In my role as Solicitor General, my responsibilities include overseeing all litigation involving the State of Montana. I was involved in the Millennium Bulk Terminal Project litigation and represented the State of Montana's interests before the United States Supreme Court.

3. I am informed the Court is contemplating vacating the Clean Water Act Section 401 Certification Rule, 85 Fed. Reg. 42210 (July 13, 2020) ("Certification Rule").

4. Montana is a landlocked state. A large portion of Montana's economy depends on its ability to export energy products to markets that demand them, particularly markets overseas in Asia. Indeed, according to the U.S. Energy Information Administration, Montana has the largest estimated recoverable coal reserves among the states, accounting for about 30% of the U.S. total.

5. I am aware of at least one occasion (the proposed Millennium Bulk Terminal Project) in which a coastal state through which Montana must export its products used the 401 Certification process to block the development of port facilities based on economic protectionism and political hostility to the product Montana sought to export, *i.e.*, Washington used the 401 Certification process to block a project for non-Clean Water Act reasons.

1

6. The Millennium Bulk Terminal Project was proposed in 2012. Apparently unable to maintain the project's viability while engaged in lengthy state and federal litigations over Washington's actions, Millennium filed for bankruptcy in December 2020.

7. I believe the Certification Rule significantly reduces abuses—such as Washington's denial of a 401 certification for the Millennium Bulk Terminal Project—that harm Montana's economy and restrict its activities in the federal system. I believe there is a serious risk that such abuses will again occur if the Certification Rule is vacated. I also believe that uncertainty in the pre-Certification Rule 401 certification process and the possibility of such abuses deters (or increases the cost of) large capital investments that benefit Montana's economy.

8. Montana could also suffer substantial disruption from general whipsawing of its regulators and regulated entities.

9. Large, capital-intensive projects necessary for Montana's economic development depend on a high degree of certainty in timing and regulatory burden. Vacatur of the Certification Rule would undermine that certainty. I believe Montana would suffer economically as a result.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA AND THE STATE OF MONTANA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in Helena, Montana, this 4th day of October 2021.

Dated: 10/4/21

David M.S. Dewhirst
Solicitor General

2