1
2
3
4
5
6                                    UNITED STATES DISTRICT COURT

7                                    NORTHERN DISTRICT OF CALIFORNIA

8
9

10    In re                                          No.  C 20-04636 WHA
11            CLEAN WATER ACT                         No.  C 20-04869 WHA
              RULEMAKING.                             No.  C 20-06137 WHA
12
13    This Document Relates to:                       (Consolidated)

14          ALL ACTIONS.                              **ORDER DENYING MOTION FOR
                                                      INDICATIVE RULING**
15
16

17          In light of the Supreme Court's stay pending appeal of a prior order that vacated EPA's

18    Clean Water Act certification rule upon remand, plaintiffs seek an "indicative ruling" that

19    would clear the way for conclusive merits briefing on the validity of the rule in the district

20    court.  Because plaintiffs have not demonstrated extraordinary circumstances, the motion is

21    **DENIED**.

22          Under Section 401 of the Clean Water Act, a federal agency may not issue a permit or

23    license to an applicant that seeks to conduct any activity that may result in any discharge into

24    the navigable waters of the United States unless the state (or other certifying entity) where the

25    discharge would originate issues a water quality certification or waives the requirement.  EPA

26    employs 40 C.F.R. Part 121 to administer Section 401 certifications.  After fifty years of

27    relying on the same iteration of that rule to administer certifications, EPA dramatically revised

28    Part 121 in 2020.  This led to the instant action brought by plaintiffs, consisting of twenty

states and the District of Columbia, three tribes, and six conservation organizations.  Eight states and several industry groups that represent energy interests intervened to defend the 2020 rule.

After President Biden was elected, however, EPA announced it would revise the 2020 rule, and moved for remand of the rule back to the agency but without vacatur.  Plaintiffs replied that the 2020 rule should be vacated upon remand to the agency.  In the alternative, plaintiffs argued remand should be denied.  Intervenors did not contest remand but separately moved to strike plaintiffs' vacatur arguments and were permitted to file supplemental briefing on the vacatur issue, which they did (Dkt. No. 172).

An October 2021 order vacated the 2020 rule with immediate effect and remanded to the agency to do its revisions.  While EPA declined to appeal, intervenors did so.  A further order herein denied intervenors' motion to stay pending their appeal (Dkt. Nos. 173, 191).  Our court of appeals also denied intervenors' motion for a stay.  The Supreme Court, however, in an order dated April 6, 2022, granted intervenors' application for a stay of the vacatur order pending appeal.  The Supreme Court's stay put the 2020 rule back into effect until EPA completes promulgation of a new rule, targeted for Spring 2023, or until our court of appeals decides the vacatur issue.  Thereafter (and recently), EPA published a notice of proposed rulemaking revising Part 121.

Plaintiffs now move for a Rule 62.1 "indicative ruling" that this Court would grant a Rule 60(b)(6) motion and revise the prior ruling so as to deny remand and to proceed to the merits.  This order follows full briefing and oral argument held telephonically.

Rule 62.1 states:  "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:  (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  If the district court goes with the third option, the moving party notifies the court of appeals.  Pursuant to Federal Rule of Appellate Procedure 12.1, the court of appeals may then remand the matter back to the district court for further proceedings.  Rule 62.1 codified the practice

most courts followed when a party made a Rule 60(b) motion to vacate a judgment pending on appeal.  *See* FRCP 62.1 Advisory Committee Notes; *Mendia v. Garcia*, 874 F.3d 1118, 1121 (9th Cir. 2017).

The Supreme Court stayed the vacatur order only until such time as our court of appeals rules on whether vacatur was proper and the time for petitioning for Supreme Court review lapses.  So, it is still open to our court of appeals to provide the very relief plaintiffs sought and obtained from this Court.  Indeed, that appellate briefing will be complete today.  After so much effort, it seems topsy turvy to reverse field and to "indicate" that this Court would prefer to modify the judgment so as *not* to remand and then to address the merits of the 2020 rule.

The agency plans to reinstate key aspects of the 1971 rule and discard the major changes made by the 2020 rule.  In a June 9 notice, EPA explained:

> The 2020 Rule represented a substantive departure from some of the Agency's and certifying authorities' core prior interpretations and practices with respect to water quality certification.  Moreover, the 2020 Rule deviated sharply from the cooperative federalism framework central to section 401 and the CWA. . . . [T]he 2020 Rule rejected nearly twenty-five years of Agency practice and Supreme Court precedent regarding the appropriate scope of certification review. . . .  In this proposal, the Agency is returning to some of those important core principles, such as an "activity as a whole" approach to the scope of certification review and greater deference to the role of states and tribes in the certification process . . . .

87 Fed. Reg. 35,318, 35,319 (June 9, 2022).

We must ask what is the point of proceeding to litigate the merits of the 2020 rule when the agency says it will eviscerate it anyway?  What is really going on here is gamesmanship. The new rule will issue in less than a year and moot out the larger war between the states.  This will be so even if our court of appeals rules against plaintiffs on the vacatur issue.  If it rules for plaintiffs, plaintiffs will get the relief they want even sooner.  It would take almost that long to decide the merits of the 2020 rule.

This Court ruled for plaintiffs both on the vacatur issue and on the stay issue but plaintiffs lost on the stay issue in the Supreme Court.  The vacatur and remand were issued without reaching or consideration of the stay, so it is incorrect to say that the vacatur and

remand would not have occurred had we all known in advance that a stay would have been granted by the Supreme Court. We have gone too far down that path to reverse field now. We are reasonably close to a decision from our court of appeals. EPA's new rule is also just around the corner, so close that there is little point in backing up and adjudicating a rule, the 2020 rule, that has little viability left. The Court is not persuaded that it would grant a Rule 60(b)(6) motion as outlined by plaintiffs or should otherwise issue an "indicative ruling."

For the foregoing reasons, the motion for an indicative ruling is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 27, 2022.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE