IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>Clean Water Act Rulemaking<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:20-cv-04636-WHA (consolidated)<br><br>**JOINT RESPONSE TO REQUEST FOR INFORMATION** |

Plaintiffs, Defendants, and Intervenors submit the following response to the Court's April 19, 2023, Request for Information, ECF No. 216. The parties were unable to reach a consensus on a path forward, so each party has proposed its preferred plan below.

**I.       Plaintiffs' Position**

Plaintiffs renew their opposition to the U.S. Environmental Protection Agency's (EPA) motion for a voluntary remand and respectfully request that this Court deny the motion on the existing briefing, and establish an expedited schedule for summary judgment briefing regarding the merits of the Clean Water Act Section 401 Certification Rule, 85 Fed. Reg. 42,210 (July 13, 2020) (the 2020 Rule). Previously, EPA had stated that the proposed section 401 replacement rule, *Clean Water Act Section 401 Water Quality Certification Improvement Rule*, 87 Fed. Reg. 35,318 (June 9, 2022), would be finalized in spring 2023. ECF No. 143-1, ¶27. EPA has now indicated that it plans to send the final replacement rule to the Office of Management and Budget (OMB) for review in June 2023. Considering OMB's 90-day review period, the promulgation of the replacement rule has now slipped to September 2023. Because the Congressional Review Act mandates a 60-day review period before a rule becomes effective, EPA's section 401 replacement rule is unlikely to take effect before November 2023, leaving the unlawful 2020 Rule in place until then. Moreover, the new rule is likely to be challenged as soon as it is published. In light of the significant rulemaking delay and the uncertain fate of the new rule, summary judgment briefing is necessary to prevent a continuation of the irreparable harms that are now being inflicted on state waters as a result of the illegal 2020 Rule. Plaintiffs are prepared to file a motion for summary judgment seeking adjudication of the merits of Plaintiffs' challenge to the illegal 2020 Rule by June 20, 2023 and complete briefing by mid-August 2023 to allow for a hearing by early September 2023.[1]

In the alternative, Plaintiffs ask the Court to hold the litigation in abeyance at least until a rule replacing the 2020 Rule goes into effect nationwide. That will allow this Court to retain

---

[1] In order to expedite this Court's review and determination of the merits of the 2020 Rule, Plaintiffs are prepared to brief summary judgment based on the certified administrative record lodged by EPA. *See* ECF No. 85.

jurisdiction over the 2020 Rule in the event the EPA further delays its promulgation of a replacement rule or the replacement rule is stayed or preliminarily enjoined.

### *A. Background*

Plaintiffs commenced these consolidated lawsuits to obtain judicial relief from defendants' unlawful 2020 Rule, which drastically curtails state authority to protect state water quality under Clean Water Act section 401, 33 U.S.C. § 1341.  Defendants have conceded that the 2020 Rule is deficient because it struck an inappropriate balance between state and federal authority under Section 401.  ECF No. 143-1, ¶11; *see also* EPA, Statement of Regulatory Priorities, at 13 (Fall 2022).[2]  Nevertheless, defendants have sought to shield the 2020 Rule from judicial review by requesting that the 2020 Rule be remanded to the agency without vacatur.  ECF No. 143.  Plaintiffs opposed remand without vacatur, documenting in extensive detail the irreparable harm to the states' and tribes' water quality that would occur if the 2020 Rule was left in place until EPA promulgated a replacement.  ECF Nos. 145-1, 146-1 to 146-9.  Accordingly, Plaintiffs asked this Court to deny remand and order summary judgment briefing or, in the alternative, to remand the 2020 Rule with vacatur.  ECF Nos. 145, 146, 147.  Intervenors did not oppose remand, but did oppose Plaintiffs' request for vacatur.  ECF No. 172.

Recognizing the irreparable harm that would occur if the 2020 Rule were left in place while EPA promulgated a replacement rule, this Court remanded the 2020 Rule to EPA, and simultaneously vacated the rule.  "Order Re Motion for Remand Without Vacatur," ECF No. 173, (Oct. 21, 2021) (the "Remand Order").  Intervenors appealed the Remand Order to the extent it vacated the 2020 Rule.  ECF No. 178.  Thereafter, the Supreme Court stayed that part of the Remand Order vacating the 2020 Rule.  *Louisiana v. Am. Rivers*, 146 S. Ct. 1347 (April 6, 2022).

---

[2] *Available at* https://www.reginfo.gov/public/jsp/eAgenda/StaticContent/202110/Statement_2000_EPA.pdf (last visited April 26, 2023).

In June 2022, EPA published the proposed replacement rule, which seeks to undo many of the 2020 Rule's most egregious limitations on state authority. 87 Fed. Reg. 35,318. The proposed rule re-affirmed that section 401 certifications may impose conditions on the licensed activity as a whole, *id.* at 35,378, provided greater flexibility for states to comply with their own administrative procedures when reviewing section 401 certification requests, *id.* at 35,378, and limited federal review of section 401 certifications, *id.* at 35,379. However, Plaintiffs anticipate the regulated community may argue that the replacement rule does not apply to any applications pending when it goes into effect, meaning any applications received prior to the effective date of the new rule will be subject to the unlawful restrictions of the 2020 Rule. EPA had previously informed Plaintiffs and this Court that the proposed replacement rule would become final in spring 2023. ECF No. 143-1, ¶27. EPA now states that its timeline to adopt the replacement 401 rule has slipped, potentially to September 2023.

On February 21, 2023, the Ninth Circuit reversed and vacated the Remand Order and remanded the matter to this Court "on an open record for reconsideration of the EPA's remand motion." *In re Clean Water Act Rulemaking*, 60 F.4th 583, 596 (9th Cir. 2023). After the Ninth Circuit's mandate issued, this Court requested the parties' positions on how to proceed. ECF No. 216.

### B. Plaintiffs' Proposed Path Forward

#### 1. This Court Should Deny EPA's Motion for Voluntary Remand and Establish an Expedited Summary Judgment Briefing Schedule

The Ninth Circuit made clear this Court has "broad discretion" to deny EPA's motion for a voluntary remand and decide the merits of the case "if the risk of harm from indefinitely leaving an allegedly unlawful rule in place outweighs consideration of judicial and administrative efficiency." *In re: Clean Water Act Rulemaking*, 60 F.4th at 596. Under that standard, denial of remand is appropriate in this case. As this Court already found, "significant environmental harms will likely transpire" if the 2020 Rule is left in place while EPA works on a replacement. ECF No. 173 at 16. The Court found "particularly persuasive" Washington's example of three hydropower dams on the Skagit River that would require Section 401

Certifications subject to the 2020 Rule, locking in deficient water quality conditions for 30-50 years. *Id.* And when this Court denied Intervenors' motion for a stay, it found that Plaintiffs had "convincingly asserted . . . that irreparable environmental harm would result should the 2020 rule remain in effect" while EPA works on a replacement rule. ECF No. 191 at 13.

This Court's finding that the 2020 Rule would cause irreparable environmental harm has been proven accurate by Plaintiffs' experiences since the Supreme Court reinstated the 2020 Rule in April 2022. In a number of cases, project applicants have relied on the 2020 Rule's unlawfully narrow scope to force through projects that do not include conditions necessary to ensure compliance with state water quality standards.

Some project applicants are also relying on the 2020 Rule to challenge certification conditions in federal court. For example, operators of the Yuba River Development Project (FERC Project No. 2246), on the Yuba River in California have sought to overturn certification on the grounds that California's certification conditions exceed the unlawfully narrow limits of the 2020 Rule. *See* Complaint in *Yuba County Water Agency v. California State Water Resc. Cntrl. Bd.*, D.D.C. No. 1:20-cv-03297 filed 11/13/20, paragraphs 111, pp. 24-25 113 p. 26. In addition, the operators of the Don Pedro and La Grange Hydroelectric Projects (FERC Project Nos. 2299 and 14581) have challenged the issuance of a section 401 certification in state court in part based on alleged failure to comply with the 2020 Rule. While state court is the appropriate venue to challenge certification conditions, federal court is the more appropriate venue to resolve the lawfulness of the 2020 Rule. Unless briefing on the merits in this case proceeds, the states will need to spend resources litigating in both state and federal courts.

In other cases, project applicants have deployed the 2020 Rule's unlawful imposition of federal oversight over the timing and scope of state review in attempts to force states into either issuing weakened water quality certifications or risking waiver of their water quality certification authority. For example, the operator of the Shawmut Hydroelectric Project No. 2322 on the Kennebec River in Maine used the provisions of the 2020 Rule to argue that the Federal Energy Regulatory Commission (FERC) should issue a new operating license without the protections of a section 401 certification. *See* Order Addressing Arguments Raised on

1   Rehearing, *Brookfield White Pine Hydro LLC*, 182 FERC ¶ 61,169 (March 17, 2023), *pet. for
2   review pending* D.C. Cir. No. 23-1075.  The same applicant has asked FERC to license a
3   hydropower dam in New York without the protections of a section 401 certification, relying on
4   the 2020 Rule's impermissible provision for federal review of states' denials of applications for
5   certification.  *See* Request for Rehearing, *Erie Blvd. Hydropower, L.P.*, FERC Docket No. P-
6   2701 (April 17, 2023), *available at*
7   https://elibrary.ferc.gov/eLibrary/filelist?accession_number=20230417-5171.

8          Additional harms are expected while the 2020 Rule remains in effect. Some of the
9   projects previously described by Plaintiffs in their declarations supporting their opposition to
10  EPA's motion for voluntary remand without vacatur, including hydropower licenses for the
11  Skagit River dams in Washington State, are expected to be submitted imminently.  Almost
12  certainly, there will be a barrage of applications from applicants hoping to benefit from the
13  lenient and illegal requirements of the 2020 Rule before a replacement rule can go into effect.
14  For example, California expects applications for water quality certifications for FERC licenses
15  affecting San Joaquin River and East-side Sierra Tributaries to the Owens River to be
16  submitted before the end of 2023, as well as potential resubmissions of applications affecting
17  the Yuba River, Merced River, Bear River and Tuolumne River, as appeals in the related
18  waiver litigation are exhausted.  These licenses have durations between 30 and 50 years and, if
19  approved under the illegal 2020 Rule, could have the potential to impact water quality in
20  California for decades to come.  Plaintiffs are prepared to provide additional examples of harm
21  should the Court request that the parties provide additional briefing before deciding EPA's
22  remand motion.

23         EPA's ongoing rulemaking process should not prevent the parties from proceeding to
24  brief the merits of the 2020 Rule.  In fact, the significant delay in the rulemaking process
25  already disclosed by EPA underscores why an expedited determination on the validity of the
26  2020 Rule is needed.  Although EPA has previously told this Court that a replacement rule
27  would be finalized in Spring 2023, ECF No. 143.-1, ¶11, EPA is now stating that a final rule
28  may not become effective for at least six months after the date of this filing.  EPA expects to

send the draft of the final rule to OMB by June 2023. Factoring in OMB's mandatory 90-day review period, it will be at least five months before a final rule is published in the Federal Register. After the final rule is published, it will not be effective for at least another 60 days, rendering the 2020 Rule in effect for another half year. *See* 5 U.S.C. § 801(a)(3). Even after the final rule becomes effective, section 401 applications submitted prior to the effective date will likely remain subject to the unlawfully restrictive procedures of the 2020 Rule if it is left in place by this Court. Finally, the new rule will almost certainly be subject to legal challenge and the attendant risk of a court issuing a stay or preliminary injunction barring its enforcement. In other words, the new rule will not apply to Section 401 certifications until November 2023, *at the earliest* and, potentially, not for several years beyond that.

Considerations of judicial or administrative efficiency do not outweigh the irreparable harms that will result if the 2020 Rule remains in place for many additional months until EPA issues a new rule. Any gains in judicial efficiency from not proceeding to merits briefing will be offset by piecemeal litigation over the applicability of the 2020 Rule to specific projects—as the Shawmut Hydroelectric Project in Maine, the Yuba River Development Project, the Don Pedro and La Grange Hydroelectric Projects in California, and other cases demonstrate. Moreover, merits briefing will not delay EPA's work on the Proposed Rule as EPA can still work to finalize that rule before Plaintiffs file a motion for summary judgment on June 20, 2023, as proposed by Plaintiffs' briefing schedule. And if EPA does not want to defend the 2020 Rule on the merits, Intervenors have repeatedly expressed their willingness to do so.

Merits briefing should not prejudice Intervenors as they have repeatedly claimed that they were harmed by the lack of merits briefing. *See, e.g.,* ECF No. 172 (claiming Intervenors have a "basic right . . . to be heard on the merits of the dispute"); ECF No. 179 at 2 (arguing APA "gives all stakeholders, like Intervenor Defendants here, the opportunity to be heard"); Supreme Court Stay App., at 21 (district court "did not even permit or consider merits briefing on the legality of each aspect of the Rule"). As set forth above, Plaintiffs are prepared to file their motion for summary judgment by June 20, 2023 and complete briefing by mid-August

2023. This will allow for a hearing on the motion for summary judgment by early September 2023, well in advance of EPA's replacement rule becomes effective in November 2023.

### 2. In the Alternative, This Court Should Hold the Case in Abeyance Until a New Rule Becomes Effective Nationwide.

If this Court is not inclined to order summary judgment briefing, it should, at a minimum, hold the case in abeyance until a replacement rule becomes effective. Holding the case in abeyance will ensure that this Court retains jurisdiction in the event EPA delays promulgating a replacement rule, or the replacement rule is stayed or preliminarily enjoined. *See, e.g., American Federation of Teachers v. Cardona*, Case No. 20-cv-00455-EJD, 2022 WL 1471388, at *5 (N.D.Cal. May 10, 2022). In either event, the parties could ask this Court to take the case out of abeyance. The Court should also require EPA to provide updates every 60 days regarding the status of the final replacement rule and to notify the Court and the parties when that rule has taken effect nationwide. Further, the Court should order the parties to file motions regarding the status of the lawsuit or other appropriate motions no later than 30 days after the final replacement rule has become effective nationwide.

**II.     Defendants' Position**

Defendants maintain that the best path forward is for this Court to remand the 2020 Rule to EPA for reconsideration without vacatur, *see* ECF No. 143. Even more so now, remand without vacatur is appropriate here given that EPA has identified concerns about the 2020 Rule and is near conclusion of a rulemaking proceeding to replace that rule. *See In re Clean Water Act Rulemaking*, 60 F.4th 583, 593 (9th Cir. 2023) (citing *Limnia, Inc. v. United States DOE*, 857 F.3d 379, 387 (D.C. Cir. 2017)). EPA proposed the new rule on June 9, 2022, 87 Fed. Reg. 35,318 (June 9, 2022), and is in the process of finalizing the new rule. Indeed, EPA intends to send the draft final rule and preamble to the Office of Management and Budget ("OMB") for interagency review by June 2023, and then send the final rule to the Administrator for signature following OMB clearance. EPA should be permitted to complete this rulemaking proceeding to address its concerns with the 2020 Rule, thereby conserving judicial resources. *See In re Clean Water Act Rulemaking*, 60 F.4th at 593. EPA should also be able to complete its rulemaking

without the risk of having to opine about issues that are subject to revision in the new rulemaking, potentially forcing EPA to improperly prejudge substantive aspects of the proposed rule under consideration.  Thus, Defendants believe that remand to the Agency is the proper path forward.  *See id.*; *Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012).  While EPA maintains that remand without vacatur is the appropriate course of action, if this Court is not inclined to remand the 2020 Rule without vacatur, then this Court should stay proceedings in this case until publication of the final rule.

### III.     Intervenors' Position

Consistent with their position throughout this litigation, *see, e.g.*, Dkt. 148, Intervenors continue to not oppose this Court remanding the Rule to EPA without vacatur.

Respectfully submitted,

Date: May 3, 2023

TODD KIM
Assistant Attorney General

/s *Elisabeth Carter*
ELISABETH H. CARTER (N.Y. Bar No. 5733274)
Elisabeth.Carter@usdoj.gov
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street, N.E.
Suite 4.1406
Washington, D.C.  20002
Telephone: (202) 514-0286

*Attorneys for Defendants*

/s/ Tatiana K. Gaur

TATIANA K. GAUR

ROBERT W. FERGUSON
Attorney General of Washington
KELLY T. WOOD (*admitted pro hac vice*)
Assistant Attorneys General
Washington Office of the Attorney General
Ecology Division
  2425 Bristol Court SW
  Olympia, Washington  98501
  Telephone:  (360) 586-5109
  E-mail:  Kelly.Wood@atg.wa.gov

LETITIA JAMES
Attorney General of New York
BRIAN LUSIGNAN (*admitted pro hac vice*)
Assistant Solicitor General
Division of Appeals & Opinions
  The Capitol
  Albany, New York 12224-0341
  Telephone:  (518) 776-2399
  E-mail: Brian.Lusignan@ag.ny.gov

ROB BONTA
Attorney General of California
SARAH E. MORRISON
ERIC KATZ
Supervising Deputy Attorneys General
CATHERINE M. WIEMAN, SBN 222384
TATIANA K. GAUR, SBN 246227
ADAM L. LEVITAN, SBN 280226
BRYANT B. CANNON, SBN 284496
LANI M. MAHER, SBN 318637
Deputy Attorneys General
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013
  Telephone:  (213) 269-6329
  Fax:  (916) 731-2128
E-mail:  tatiana.gaur@doj.ca.gov

*Attorneys for Plaintiffs States of California, New York, Washington, Colorado, Connecticut, Illinois, Maine, Maryland, Michigan, Minnesota, Nevada, New Jersey, New Mexico, North Carolina, Oregon, Rhode Island, Vermont, Wisconsin, the Commonwealth of Massachusetts, the District of Columbia, and the California State Water Resources Control Board*

ANDREW HAWLEY SBN 229274
Western Environmental Law Center
1037 NE 65th St., No. 343
Seattle, WA 98115
hawley@westernlaw.org
tel: 206-487-7250

JASON R. FLANDERS SBN 238007
Aqua Terra Aeris Law Group
4030 Martin Luther King Jr. Way
Oakland, California 94609
jrf@atalawgroup.com
tel: 916-202-3018

PETER M. K. FROST (*admitted pro hac vice*)
SANGYE INCE-JOHANNSEN
(*admitted pro hac vice*)

KRISTEN L. BOYLES SBN 158450
Earthjustice
810 Third Avenue, Suite 610
Seattle, WA  98104
(206) 343-7340
kboyles@earthjustice.org

MONEEN NASMITH (*admitted pro hac vice*)
MICHAEL YOUHANA (*admitted pro hac vice*)
Earthjustice
48 Wall Street, 15th Floor
New York, NY 10005
(212) 845-7384/(212) 284-8033
mnasmith@earthjustice.org
myouhana@earthjustice.org

GUSSIE LORD (*admitted pro hac vice*)
Earthjustice
633 17th Street, Suite 1600

Western Environmental Law Center
120 Shelton McMurphey Blvd., Ste. 340
Eugene, Oregon 97401
frost@westernlaw.org
sangyeij@westernlaw.org
tel: 541-359-3238 / 541-778-6626

*Attorneys for Plaintiffs American Rivers, American Whitewater, California Trout, Idaho Rivers United*

Denver, CO 80202
(720) 402-3764
glord@earthjustice.org

OLIVIA GLASSCOCK (*admitted pro hac vice*)
Earthjustice
325 4th Street
Juneau, AK 99801
(907) 500-7134
oglasscock@earthjustice.org

*Attorneys for Plaintiffs Suquamish Tribe, Pyramid Lake Paiute Tribe, Orutsararmiut Native Council, Columbia Riverkeeper, and Sierra Club*

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Elizabeth Holt Andrews*
_____
Elizabeth Holt Andrews
Misha Tseytlin (admitted *pro hac vice*)
Charles Sensiba (admitted *pro hac vice*)
Andrea W. Wortzel (admitted *pro hac vice*)
Sean T.H. Dutton (admitted *pro hac vice*)

*Attorneys for Intervenor Defendant*
National Hydropower Association

JEFF LANDRY
ATTORNEY GENERAL OF LOUISIANA

By: */s/ Joseph S. St. John*
―――――――――――――――――――
Elizabeth B. Murrill, Solicitor General (admitted *pro hac vice*)
Joseph S. St. John, Deputy Solicitor General (admitted *pro hac vice*)
Ryan M. Seidemann, Assistant Attorney General (admitted *pro hac vice*)

*Attorneys for State Intervenor Defendants*
States of Arkansas, Louisiana, Mississippi, Missouri, Montana, Texas, West Virginia, and Wyoming


HUNTON ANDREWS KURTH LLP


By: */s/ George P. Sibley, III*
―――――――――――――――――――
Clare Ellis
George P. Sibley, III (admitted *pro hac vice*)
Deidre G. Duncan (admitted *pro hac vice*)

*Attorneys for Intervenor Defendants*
American Petroleum Institute and Interstate Natural Gas Association of America