UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CLEAN WATER ACT RULEMAKING.<br><br>This Document Relates to:<br>ALL ACTIONS. | No. C 20-04636 WHA<br>No. C 20-04869 WHA<br>No. C 20-06137 WHA<br><br>(Consolidated)<br><br>**ORDER RE RENEWED MOTION TO REMAND WITHOUT VACATUR** |

Our court of appeals sent this case back on an open record for reconsideration of the EPA's motion to remand without vacatur. It noted that a district court has "broad discretion" to deny a voluntary remand and proceed to decide the merits "if the risk of harm from indefinitely leaving an allegedly unlawful rule in place outweighs considerations of judicial and administrative efficiency." *In re Clean Water Act Rulemaking*, 60 F.4th 583, 596 (9th Cir. 2023). Prior orders requested briefing to assist the undersigned in making this determination (Dkt. Nos. 216, 218, 220, 221). Upon review of the briefing, this order finds that the risk of harm does not outweigh the efficiency considerations here for the following reasons.

*First*, the allegedly unlawful rule is no longer being left in place indefinitely. The EPA formally submitted the Final 2023 Rule to the Office of Management and Budget's Office of Information and Regulatory Affairs ("OIRA") for review on June 13, 2023, and OIRA began its review two days later (Dkt. No. 222 at 1). The EPA has also represented that it will

promptly submit the Rule to the EPA Administrator once it receives the Rule from OIRA, that the EPA Administrator will sign the Rule shortly thereafter, and that it expects the Rule to take effect sixty days after that (*ibid*.). Assuming that OIRA will use the full ninety-day review period, and that the EPA Administrator will sign the Rule within a few days, the Rule is slated to take effect in November 2023. The EPA has made a good faith effort to replace the allegedly unlawful rule on the timeline that the agency advanced after our court of appeals issued its opinion (Dkt. No. 217 at 6–7). As set out below, the Court will trust but verify.

*Second*, plaintiffs cite a number of requests for certification already received and expected to be received "imminently," which will allegedly cause harm by forcing decisions under the 2020 Rule instead of the Final 2023 Rule (Dkt. No. 217 at 5; *see* Dkt. No. 224 at 2). According to plaintiffs, "it is likely that the [EPA] will take the position that the 2020 Rule will apply to projects for which certification requests were submitted before the replacement rule's effective date, thereby extending the harmful effects of the 2020 Rule even further" (Dkt. No. 224 at 2; *see also id*. at 5–6). But the EPA has not taken this position. To the contrary, the agency has said "Plaintiff States can avoid these alleged harms if they are able to wait until the Final 2023 Rule takes effect in the fall to make certification decisions for these projects" (Dkt. No. 222 at 2).[*] In other words, the EPA confirmed that, for some projects, plaintiff states can prevent harm by waiting until the Final 2023 Rule takes effect before making certification decisions. For other projects, challenges can be made on individual review of a single certification. Indeed, plaintiffs themselves point out that a tribal nation and conservation groups have appealed the Goldendale Pump project certification in Washington, issued in April 2023 under the requirements of the 2020 Rule, by arguing that it did not take state law into consideration — a merits argument plaintiffs have pursued here in light of "the very types of harm that [they] have identified in this case" (Dkt. No. 224 at 8).

---

[*] And, in response to plaintiffs' briefing, the agency just filed a statement and sworn declaration expressly "clarif[ying] its expectation that, generally, all actions taken as part of the section 401 certification process as of the effective date of the forthcoming Final 2023 Rule will need to comply with that Final Rule, rather than the 2020 Rule" (Dkt. No. 225).

*Third*, as noted by the intervenors, the administrative record remains incomplete (Dkt. No. 223 at 2–3). Plaintiffs contend that they "are prepared to brief summary judgment based on the certified administrative record lodged by [the] EPA" (Dkt. No. 217 at 1 (citing Dkt. No. 85)). Yet the only "administrative record" lodged by the EPA is the "*certified index* to the administrative record" (Dkt. No. 85; *see* Dkt. No. 85-1). Based on the timetable that plaintiffs and the EPA previously set to negotiate and collect the administrative record before this action was stayed, completing it will take months (Dkt. Nos. 115–16). With the new rule slated to go into effect in November 2023, we will not have an administrative record in time to do much good.

Recognizing, however, that this analysis assumes adherence to the EPA's schedule, and that plaintiffs and the EPA are amenable to a stay of proceedings to monitor adherence, this order **STAYS PROCEEDINGS** in lieu of remanding at this time (Dkt. No. 217 at 7–8). The EPA shall file a status report (1) when it receives the Final 2023 Rule from OIRA, (2) when the EPA Administrator signs the Rule, and (3) sixty days thereafter. In addition, one exception to the stay is as follows: this time, the parties will finalize the administrative record while proceedings are stayed so that, if and when we need to use it in this (or some other) challenge, the administrative record will be ready and further delay unnecessary. An updated joint stipulation setting a schedule for negotiating and collecting the administrative record shall be filed by **MONDAY, JULY 10, 2023, at NOON**, with the completed record to be lodged by **MONDAY, NOVEMBER 6, 2023, at NOON.**

**IT IS SO ORDERED.**

Dated: June 29, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3