IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>Clean Water Act Rulemaking<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:20-cv-04636-WHA (consolidated)<br><br>**RESPONSE TO ORDER TO SHOW CAUSE** |

1      In response to the Court's Order to Show Cause, issued December 28, 2023, Defendants respectfully state that these actions should be dismissed as moot. Counsel for Defendants also apologizes for not updating the Court on November 13, 2023, that the Clean Water Act Section 401 Water Quality Certification Improvement Rule, 88 Fed. Reg. 66,558 (Sept. 27, 2023) ("2023 Rule"), had been published in the Federal Register on September 27 and would take effect on November 27.

      The Court should dismiss this matter for lack of subject matter jurisdiction because there is no longer a live controversy. "A case that becomes moot at any point during the proceedings is 'no longer a "Case" or "Controversy" for purposes of Article III,' and is outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). When there is no remaining "effective relief" available for the alleged violations, a challenge to an agency action is moot. *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (quoting *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988)).

      Plaintiffs here challenge EPA's 2020 Clean Water Act Section 401 Certification Rule, 85 Fed. Reg. 42,210 (July 13, 2020) ("2020 Rule"). *See* First Am. Compl. ¶¶ 6-7, ECF No. 75. However, the 2023 Rule, which supersedes the 2020 Rule, took effect on November 27, 2023. *See* 88 Fed. Reg. at 66,558. A superseding agency action generally renders challenges to the prior action moot. *See, e.g.*, *Grand Canyon Tr. v. U.S. Bureau of Reclamation*, 691 F.3d 1008, 1017 (9th Cir. 2012) (challenge to EPA's biological opinion was moot where it was superseded by a new biological opinion); *Sierra Club v. EPA*, 315 F.3d 1295, 1301 (11th Cir. 2002) (challenge to EPA's approval of state's motor vehicle emissions budget under Clean Air Act was moot because it was superseded by EPA's approval of a state implementation plan); *Western Radio Servs. Co. v. Glickman*, 113 F.3d 966, 974 (9th Cir. 1997) (challenge to agency policy letter was moot where letter was superseded by a published rule); *Nw. Res. Info. Ctr., Inc. v. Nat'l Marine Fisheries Serv.*, 56 F.3d 1060, 1070 (9th Cir. 1995) (challenge to permit was moot when it was superseded by a new permit).

Moreover, because the 2020 Rule has been superseded and is no longer in effect, there is no "effective relief" this Court can grant Plaintiffs. The remedy in an Administrative Procedure Act ("APA") action is to "set aside" the challenged agency decision and remand it to the agency. 5 U.S.C. § 706(2); *see also, e.g., INS v. Ventura*, 537 U.S. 12, 16 (2002); *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). Here, however, EPA has replaced the 2020 Rule, so it cannot be set aside. And because EPA issued the 2023 Rule through notice-and-comment rulemaking under the APA, this case does not present the risk that EPA will change its mind and return to the prior rule without undertaking a new notice-and-comment process. *See Sackett v. United States EPA*, 8 F.4th 1075, 1083-84 (9th Cir. 2021), *rev'd on other grounds,* 598 U.S. 651 (2023) (finding that a challenge to a withdrawn EPA enforcement order was not moot where EPA had not taken binding action to disavow its enforcement authority). Therefore, because the 2023 Rule has superseded the 2020 Rule and there is no "effective relief" remaining in this case, the Court should dismiss these actions as moot.

Respectfully submitted,

Date: January 11, 2024

>TODD KIM
>Assistant Attorney General
>
>  /s/ *Elisabeth Carter*
>ELISABETH H. CARTER (N.Y. Bar No. 5733274)
>Elisabeth.Carter@usdoj.gov
>U.S. Department of Justice
>Environment & Natural Resources Division
>Environmental Defense Section
>4 Constitution Square
>150 M Street, N.E.
>Suite 4.1406
>Washington, D.C.  20002
>Telephone: (202) 514-0286
>
>*Attorneys for Defendants*