UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CLEAN WATER ACT RULEMAKING.<br><br>This Document Relates to:<br><br>ALL ACTIONS. | No. C 20-04636 WHA<br>No. C 20-04869 WHA<br>No. C 20-06137 WHA<br><br>(Consolidated)<br><br>**ORDER DISMISSING ACTION AS MOOT AND WITHOUT PREJUDICE** |

Thanks to all counsel for the responses to the order to show cause (Dkt. Nos. 234–36). This consolidated action is moot.

As defendants observe, "[a] case that becomes moot at any point during the proceedings is 'no longer a "Case" or "Controversy" for purposes of Article III,' and is outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 584 U.S. 381, 385–86 (2018) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).  Our court of appeals has made it clear that "[t]he basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (quoting *Nw. Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988)).

Here, plaintiffs challenge EPA's 2020 Rule, seeking an order to "set aside" that 2020 Rule and remand it to the agency. But there is no question that the 2020 Rule is no longer in effect and has since been superseded by the 2023 Rule. As such, there is no longer a present

controversy as to which effective relief can be granted. That there is a possibility the 2023 Rule could be enjoined and the 2020 Rule could be reinstated does not alter this reality. Plaintiffs could, in that event, challenge the 2020 Rule if it were resurrected. Accordingly, the action is **DISMISSED** as moot and without prejudice.

**IT IS SO ORDERED.**

Dated: January 24, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE